The Circuit Court of Montgomery County after an ore tenus
hearing terminated the parental rights of the father regarding his four children.
The father appeals from the action of the Montgomery County Circuit Court and we affirm.
The dispositive issue on appeal is whether there is sufficient evidence to support the order terminating the father's parental rights. Put another way, is the evidence "clear and convincing" that the best interest of the children would be served by terminating the father's parental rights. As indicated, we find such evidence and affirm.
Viewing the record with the attendant presumptions accorded the circuit court's action, the following is revealed.
The father, on February 23, 1981, pled guilty to the August, 1981, murder of his wife, and was sentenced to fifty years. Two of the couple's four children were present in the house, though not in the room, at the time the father beat his wife so severely she later died.
The father has a history of violent and abusive treatment toward his family. At least two abuse reports were filed with the Department of Pensions and Security. The mother at one point took the children with her to a domestic abuse shelter. She sought legal help in obtaining a restraining order and divorce. Before the mother's death, the Department of Pensions and Security investigated the home and found it in a neglected condition. They also found the children had head lice.
The father admits abusing his wife, and he admits he has a serious drinking problem. There are allegations the father abused at least two of the children. On one occasion one child was taken to the hospital after allegedly being thrown across the room by the father.
The children, ages eight, five, three and one at the time of the trial, are currently in the care and custody of Mr. and Mrs. Morgan, distant cousins. The record is replete with evidence of the exemplary character of the Morgans. The children are well-adjusted and involved in their new home. Even the father acknowledges the Morgans are providing a good home for the children.
A Department of Pensions and Security social worker testified she recommended permanent custody be awarded to the Morgans. The children need a "sense of permanency," the social worker testified.
Such evidence in the record supports the order terminating the father's parental rights under the governing legal principles set forth in Ely v. Casteel, 341 So.2d 730, 734 (Ala.Civ.App. 1977), which are:
 "[T]he natural parent has a prima facie right to the child's custody. However, the right is not absolute but is subject to the equally well settled rule that the best interest and welfare of the child are controlling. . . ."
To terminate the father's parental rights there must be clear and convincing evidence that terminating his rights would be in the best interest of the children. Miller v. Alabama Departmentof Pensions and Security, 374 So.2d 1370 (Ala.Civ.App. 1979),writ quashed, 374 So.2d 1378 (Ala. 1979). See also Massey v.Massey, 410 So.2d 422 (Ala.Civ.App. 1981), cert. denied,410 So.2d 426 (Ala. 1982). The trial court's judgment in termination of parental rights cases is reviewed under the ore tenus rule. On appeal that judgment will be given every favorable presumption and will not be disturbed unless palpably wrong. Phillips v.Alabama Department of Pensions and Security, *Page 792 394 So.2d 51 (Ala.Civ.App. 1981); Smith v. State Department ofPensions and Security, 340 So.2d 34 (Ala.Civ.App. 1976).
After carefully considering the record in this case, this court finds the evidence to be "clear and convincing" that the best interest of the four minor children was met by the circuit court's action in terminating the father's parental rights. In particular we note the troubled history of the father's violence and abusive behavior toward his family which was compounded by his drinking. His past attempts at rehabilitation have been, at best, only temporarily successful. We also specifically note that two of the children were in the house when the father beat their mother so severely she later died.
The past physical and emotional abuse of the children are important considerations in terminating the father's parental rights. See Miller v. Alabama Department of Pensions andSecurity, supra. The children's need for a sense of permanency is also an important consideration.
Furthermore, in seeking permanent termination of a parent's right, the existence of a viable alternative to better serve the future welfare of the children should be established. Glover v.Department of Pensions and Security, 401 So.2d 786 (Ala.Civ.App. 1981). In the instant case we clearly have a viable alternative in the Morgans who have opened their home to these four children, and who would like to continue to care for them.
It is clear to this court in the instant appeal that the evidence meets the "clear and convincing" standard required by law, Miller v. Alabama Department of Pensions and Security,supra, and that termination of the father's parental rights is in the best interest of the children. We therefore affirm.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.