EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a parental rights termination case.
The child was born to Rhonda Fike on July 2, 1982, and was subject to sudden death syndrome. Because the mother neglected, failed, or refused to provide adequate protection to the child, his custody was awarded to the Jefferson County Department of Pensions and Security (DPS) when the child was less than one month old, and he has remained in their custody since that time. On September 30, 1983, DPS filed a petition requesting that the rights of the parents of the child be terminated permanently and that DPS be authorized to place the child for adoption. Mr. Fike was given notice of the filing of that petition. The trial court, on December 5, 1983, appointed an attorney to represent Mr. Fike. Since he was incarcerated at *922 Holman Prison, an order was rendered by the trial court that Mr. Fike be transported from prison to court so that he could be present at the hearing to be held on December 20, 1983. At that hearing, Mr. Fike and his mother were examined by his appointed attorney and the witness for DPS was cross-examined. By an order dated December 20, 1983, Mr. Fike’s parental rights to the child were terminated. He appeals from that judgment.
In viewing the evidence in light of the ore tenus rule, the following is pertinently revealed:
Mr. Fike testified that he and Rhonda were married in 1978, that they separated in the summer of 1979 but that they are still man and wife. Without any equivocation, he swore that he is not the biological father of this child, that he and Rhonda were separated at all pertinent times, that he resided in Georgia, that they had no contact whatsoever eight, nine or ten months prior to the child’s birth, and that it was physically and scientifically impossible for him to be the child’s biological father since he did not have any sexual relations with Rhonda during the period.
Mr. Fike further testified that he was arrested on February 2, 1983, and was later convicted of murder, for which he received a life sentence. He will not become eligible for his first parole consideration until February 1997, at the earliest. He desires that his parents raise the child pending his release from the penitentiary. Neither he nor his parents have ever seen the child, had any contact with the infant or supported the child.
Since the evidence .in this case was heard ore tenus by the trial court, its judgment is given every favorable presumption and will not be overturned unless it was palpably wrong. Before parental rights to the custody of a child may be terminated by a juvenile court, the evidence before the trial court must be clear and convincing that it would not be to the best interest of the child that the parent have custody. King v. State, 451 So.2d 314 (Ala.Civ.App.1984). There is a strong and persuasive presumption that a child born to a married woman is presumed to be the legitimate offspring of the husband, and the measure of proof required to rebut such a presumption is great, for it may be rebutted only by “clear and convincing evidence which tends to show that it is naturally, physically, or scientifically impossible for the husband to be the father.” Leonard v. Leonard, 360 So.2d 710, 712 (Ala. 1978) (citations omitted). Here, Mr. Fike testified against his own interest as to his parenthood of the child. He swore in no uncertain terms that he was not the child’s biological father. His own evidence is clear and convincing that it was “naturally, physically, or scientifically impossible” for him to be the child’s natural father. Since the presumption of legitimacy was overcome by his own admissions, he is not the father of this child for any purpose.
Mr. Fike is neither the natural father nor the presumed father nor the adoptive father of the child. It follows that his parents are not the paternal grandparents of the child and that it is immaterial that their home was not investigated by DPS. The overruling of the objections of Mr. Fike’s attorney to two questions, which are here raised as issues, constitute, at most, error without injury because, since he is not the father of the child, it is immaterial that Rhonda did, or did not, tell a case worker for DPS that they were divorced or that another man, the child’s purported natural father, did, or did not, admit to his fatherhood of the child. Rule 45, Alabama Rules of Appellate Procedure; Rule 61, Alabama Rules of Civil Procedure.
Mr. Fike’s appointed counsel contends that his appointed trial attorney did not provide meaningful assistance to the client. We disagree. His trial counsel clearly and concisely examined, or cross-examined, all witnesses and entered several appropriate objections to various questions which were propounded to various witnesses. Meaningful assistance has been provided to Mr. Fike by his trial attorney in the family court and by his appellate counsel in this appeal.
*923 The evidence clearly and convincingly supports the finding of the trial court. The decision was not palpably wrong. The judgment of December 20, 1983, is affirmed.
In considering substance rather than form to be the controlling factor, we deem the notice of appeal as filed with the clerk of the family court on December 29, 1983, to be adequate. The intention to appeal from the particular December 20, 1983, judgment may be reasonably inferred from the text of that notice since only those two parties were concerned with the December 20, 1983, hearing and judgment and with this appeal, and since that particular judgment favored DPS and was unfavorable to Mr. Fike’s contentions. Edmondson v. Blakey, 341 So.2d 481 (Ala.1976). The motion of DPS to dismiss Mr. Fike’s appeal is overruled.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.