ROBERT M. PARKER, Retired Circuit Judge.
This is a termination of parental rights case.
Larry and Alice Manuel instituted proceedings to terminate the parental rights of Bonnie Sue Smith to her illegitimate child, for the purpose of adopting the child. After ore tenus hearing, the trial court terminated the parental rights of Bonnie Sue Smith and granted custody of the child to Larry and Alice Manuel. From this order the mother appeals. During the hearing, Allen and Glenda Manuel made an oral motion for custody which was denied by the court in its order. They do not participate in this appeal.
The mother on appeal contests the sufficiency of the evidence to support the final judgment. “Before a trial court can terminate a parent’s right to custody of its child, there must be clear and convincing evidence before the court that it would not be in the child’s best interests to be in the natural parents’ custody.” Vinson v. AGAPE of Central Alabama, Inc., 416 So.2d 1075 (Ala.Civ.App.1982); § 26-18-7, Code of Alabama 1975 (effective May 8, 1984).
The record before us reveals the mother, now 25, was married at an early age. A child born to that marriage is in custody of her father, and Mrs. Smith has little or no contact with her. Mrs. Smith remarried and divorced and married for a third time. She is presently separated from this husband and has been for several years. The child involved in this proceeding, Eddie, was born on September 19, 1979, and there appears to be some uncertainty as to the identity of the natural father. Eddie lived with his mother and grandmother until his grandmother died when he was about six months old. Thereafter, Eddie was kept by various people, and on about six occasions it was necessary for Alice Manuel to get Eddie from a bar where he had been left by his mother. Mrs. Smith attempted to give custody of Eddie to a friend, and on August 8, 1980, his custody was awarded to the Department of Pensions and Security. DPS placed Eddie with his uncle and aunt, Allen and Glenda Manuel, and after several months they relinquished custody. Eddie was then placed with his uncle and aunt, Larry and Alice Manuel, and has remained with them the last four years. Eddie has been accepted into that family. His health is good and his speech impediment has greatly improved. He refers to the Manu-els as his father and mother.
Bonnie Sue Smith apparently moved to Baltimore, Maryland, in 1980, and remained there until June 1984, when she returned to Alabama to litigate a personal injury suit that had been pending for many years. While in Baltimore, Bonnie Sue gave birth to two more illegitimate children. One child, a boy, she gave up for adoption, and one child, a girl, age one, has been left with a friend. There does not appear to be any contact between Bonnie Sue and the friend since she returned to Alabama. Bonnie Sue testified she worked as a barmaid and a waitress.
The mother contends on appeal that as a natural parent she has prima facie right to the custody of her child, as against a nonparent’s custody. Ex parte Berryhill, 410 So.2d 416 (Ala.1982). However, this presumption does not apply where a prior decree has awarded custody to non-parents and removed it from the natural *661 parent. Ex parte Mathews, 428 So.2d 58 (Ala.1983). As stated in Borsdorf v. Mills, 49 Ala.App. 658, 275 So.2d 338 (1973), “Where the dispute over custody of a child is between the child’s natural parent and a party who is not the child’s natural parent, the natural parent has a prima facie right to the child’s custody. However, the right is not absolute, but is subject to the equally well-settled rule that the best interest and welfare of the child are controlling in child custody cases.”
“In a termination of parental rights case, the ore tenus rule applies. This means that the judgment of the trial court is given every favorable presumption and will not be overturned unless it is palpably wrong.” Hudgins v. State, 418 So.2d 913 (Ala.Civ.App.1982). After reviewing the record, we cannot say the trial court’s decision was palpably wrong and unjust. The mother abandoned Eddie in 1980, and has exhibited a callous indifference for his welfare and for the welfare of her other children. She has refused the offer of DPS to help rehabilitate her life. She has no home or means to support the child. The evidence is clear and convincing to support the trial court’s decision that parental rights be terminated, and it was in the child’s best interest and welfare to award custody to Larry and Alice Manuel.
This case is due to be affirmed.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion'is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.