BRADLEY, Judge.
This is a termination of parental rights case.
On July 6, 1984, five days after birth, Lucas Allen Brand, a/k/a Donald Jack Brand, was placed in the temporary care, control, and custody of the Department of Pensions and Security (DPS). Subsequently, by order dated April 26, 1985, the Juvenile Court of Walker County terminated all parental rights of his natural parents and placed him in the permanent custody of DPS. It is from this judgment that the mother appeals.
The mother’s primary contention is that the evidence presented to the trial court was not clear and convincing. Thus, she argues, it was insufficient to support the court’s order terminating her rights to the child. She asserts as the basis of her argument that DPS failed to exhaust all viable alternatives to termination of parental rights, specifically, by failing to allow her the opportunity to be a mother to the child. We disagree.
Alabama law is well settled that when evidence is heard ore tenus in a child custody matter a presumption of correctness attaches to the court’s determination, and that its decision will not be disturbed on appeal absent a finding of abuse of discretion. Melton v. State Department of Pensions & Security, 448 So.2d 392 (Ala.Civ.App.1984). However, before parental rights to the custody of a child may be terminated, the evidence before the court must be clear and convincing that it would not be in the best interests of the child that the parent have custody. Fike v. Department of Pensions & Security, 459 So.2d 921 (Ala.Civ.App.1984).
In a child custody dispute, the controlling factor is always the best interests of the child. Lovell v. Department of Pensions & Security, 356 So.2d 188 (Ala.Civ. *68 App.1978). If termination of parental rights is sought in such proceedings, then the court is called upon to apply a two-pronged test, which first requires a finding of dependency. § 12-15-65(e), Code 1975.
In the present case the record reveals that prior to the initial custody hearing the mother had consented to the child’s adoption. She testified that she had also made unsuccessful attempts to abort the child, that she was a prostitute, and that she was a drug addict. Presently, she is incarcerated for a felony, serving a concurrent sentence for a prior offense, and the date of her release is uncertain. The record also reveals that the father of the child is unknown and that the alleged father asserts no rights to the child. Furthermore, the alleged father opined that the mother was unfit to raise the child, and raised no objection to the child’s adoption. Thus, in light of the evidence showing that the parents’ inability or unwillingness to properly care for the child amounted to neglect of him, we conclude that such evidence sufficiently supports the finding that the child is dependent.
We now turn our attention to the second prong of the two-pronged test. Once dependency is established, all viable alternatives to termination of parental rights must be examined to insure that there is no less drastic measure available. Matter of Burnett, 469 So.2d 627 (Ala.Civ.App.1985). Having examined the present record carefully, we find that all of the alternative avenues to termination were indeed explored and that there was no better solution to serve this child than placing him in the permanent custody of DPS.
As indicated above, placing the child with his natural mother was not a viable alternative. At the time of the hearing the mother was in the penitentiary serving a twelve-year sentence. Furthermore, we ■ find her argument that all alternatives were not explored because she was not given the opportunity of motherhood to be without merit. The record reveals that DPS attempted visitation appointments for her and the child and that she failed to keep them. There is also evidence that she has three other children, all of whom are in the care and custody of others, and that she cannot even remember the last time they resided with her. The child’s alleged father can be excluded as a resource by his own volition and relinquishment of parentage. Additionally, we find that DPS adequately investigated the mother’s family for possible placement of the child and properly concluded that this alternative would not serve the child’s best interests.
There is sufficient evidence in the case at bar to support the judgment of the trial court, and we affirm it.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.