This is a termination of parental rights case.
The mother, who has custody of the parties' six-year-old son, filed a petition in the Family Court of Jefferson County to terminate the parental rights of the father. Following anore tenus hearing, the trial court denied the petition.
The mother appeals. We affirm.
The mother contends that the trial court erred in failing to terminate the father's parental rights on grounds of abandonment.
In this instance in order for the trial court to terminate the father's parental rights, there must be clear and convincing evidence that such termination would be in the best interests of the child because the father is unable or unwilling to discharge his responsibility to and for the child or because his conduct or condition is such as to render him unable to properly care for the child and such conduct or condition is unlikely to change in the foreseeable future. Ala. Code (1975), § 26-18-7. See McCullough v. State Departmentof Pensions Security, 500 So.2d 1093 (Ala.Civ.App. 1986);In the Matter of Smith, 469 So.2d 659 (Ala.Civ.App. 1985).
Because the evidence was presented to the trial court oretenus, its judgment is presumed to be correct and will not be set aside on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Wallace v. JeffersonCounty Department of Pensions Security, 501 So.2d 473
(Ala.Civ.App. 1986); Fitzgerald v. Fitzgerald, 490 So.2d 4
(Ala.Civ.App. 1986).
Applying this standard to the present case, we cannot say that the trial court's judgment is plainly and palpably wrong. There is ample evidence that supports the trial court's determination that the father had not abandoned the child and that it would not be in the child's best interests for the father's parental rights to be terminated.
The parties were divorced in October 1980 when the child was only a few months old. Custody was granted to the mother. The father was given visitation rights and ordered to pay $35 per week as child support.
The mother contends that the father has abandoned the child because he is far in arrears in his child support payments, he does not pay the medical expenses of the child, and he does not visit or communicate with the child. Such factors may be considered by the trial court in determining whether the father's parental rights should be terminated. See Ala. Code (1975), § 26-18-7(b).
The testimony presented to the trial court in pertinent part reveals that approximately one month following the divorce the father enlisted in the United States Navy. He began active duty in April 1981 and shortly thereafter began an allotment from his pay to meet his child support obligations. The father testified that he had *Page 252 
stopped the allotment approximately two years prior to the trial, based upon the advice of a Navy attorney.
The father testified that he had attempted to provide complete medical and dental coverage for the child through the Navy, but that the mother had refused to sign the necessary papers he had mailed to her. He stated that she told him over the telephone that she did not want the Navy I.D. card for the child.
The father has not resided in the Birmingham area since he began active duty with the Navy. At times he has been overseas. The father admitted that he had last seen the child in November 1980. He stated that he is supposed to get thirty days' leave once a year, but "when it suits the command." He claimed that he had received no leave in nearly two years.
The father testified that he has returned to the Birmingham area for weekend visits an average of twice a year since he began active duty. He admitted that he had not seen the child during any of these visits, but testified that the mother had denied him visitation unless he sent her a registered letter in advance so she could determine if visitation was convenient. He claimed that he ordinarily did not know in advance when he would be given the weekend off.
In response to the court's questioning, the father testified that he was willing to support the child and pay the child support in arrears and that he wanted to have contact with the child.
In our opinion, the above-recited evidence amply supports the trial court's determination that the father's parental rights should not be terminated. The evidence was not clear and convincing that the father had abandoned the child or that termination of the father's parental rights would be in the child's best interests.
The mother also contends that the trial court erred in allowing certain hearsay testimony and testimony in violation of the best evidence rule. We disagree.
Even if the testimony of which the mother complains did constitute hearsay and violate the best evidence rule, the admission of such testimony was merely error without injury. The record contains sufficient evidence in support of the trial court's ruling without regard to the testimony which the mother contends is hearsay and in violation of the best evidence rule.
The trial court will not be reversed for mere harmless error. Rule 45, Alabama Rules of Appellate Procedure. See AmericanFurniture Galleries v. McWane, 477 So.2d 369 (Ala. 1985). Cf.McCullough, 500 So.2d at 1094.
We would note, however, that with regard to both the alleged hearsay testimony and the testimony claimed to be in violation of the best evidence rule, the trial court appears to have sustained the objections by the mother's counsel and, therefore, not to have considered such testimony in making its determination to deny the mother's petition.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.