This is a case of first impression in Alabama and involves the termination of parental rights. The divorced parents of David Carlton Stephenson asked the trial court to terminate the parental rights of the child's father. The District Court of Jefferson County denied the parents' petition on the grounds that there was no evidence that David was harmed by the father and that David's future rights to support, parental affiliation, and inheritance would not be protected by the termination of the father's parental rights. The Court of Civil Appeals found that the ore tenus rule was inapplicable in this case and concluded that termination of the father's parental rights was appropriate because he had abandoned his son. We granted the guardian ad litem's petition for writ of certiorari, and the Court heard argument in the case en banc. We reverse the judgment of the Court of Civil Appeals.
The facts reveal that the parents were divorced when the mother, Sharon Reiss Stephenson, was three months pregnant with David. The divorce came about mainly because Mrs. Stephenson would not agree to her husband's insistence that she have an abortion. Since birth, David, who is now four years old, has lived with his mother and his half-sister. The father has never attempted to see David and, except for contributing $100.00 to Mrs. Stephenson's hospital expenses for childbirth, has contributed nothing to David's support. *Page 616 
At the time the Court of Civil Appeals released its opinion in this case in April 1986, the father was 28 years old and the mother was 33 years old. Mr. Stephenson is a deputy sheriff and earns approximately $750.00 biweekly. Mrs. Stephenson works as a bookkeeper, credit worker, Avon saleslady, seamstress, notary public, and child-care worker, and earns approximately $1,200.00 per month (about $14,400.00 per year). Mrs. Stephenson owns her home and is current with all outstanding debts. She maintains a $100,000.00 life insurance policy on David's father which names David as the beneficiary.
Mrs. Stephenson seeks termination of Mr. Stephenson's parental rights, she contends, because he has shown no interest in David, lacks stability, is ill-tempered, and disapproves of her raising David as a Jew. She professes concern over a possible future custody dispute and disagreements with her former husband regarding David's upbringing.
Mr. Stephenson concurs with his former wife that he generally disagrees with her regarding child-rearing; however, he says he believes Mrs. Stephenson should rear David and has said that he has no interest in visiting his son. He agrees with Mrs. Stephenson that David's best interest would be served by terminating his (Mr. Stephenson's) parental rights.
The principal question before us is whether a parent's child support obligations may be waived by a joint petition for termination of parental rights. David's guardian ad litem argues that termination of the father's parental rights in this case is: (1) contrary to the intent of the Alabama Child Protection Act when no adoption is contemplated; (2) contrary to public policy; (3) impermissible when a less drastic remedy would better serve the child's interests; (4) improper when the petitioners have failed to prove permanent incompetency and unsuitability by clear and convincing evidence; and (5) erroneous without a finding that the child is dependent. Mrs. Stephenson argues that all criteria necessary to show abandonment have been established and that a court-appointed social worker has recommended termination of the father's parental rights.
The Court of Civil Appeals has held previously that termination of a father's parental rights requires clear and convincing evidence that termination would be in the child's best interest. Miller v. Alabama Dep't of Pensions Sec.,374 So.2d 1370 (Ala.Civ.App.), writ quashed, 374 So.2d 1378 (Ala. 1979); In re Sanders, 420 So.2d 790 (Ala.Civ.App. 1982). Ala. Code (1975), § 26-18-7, provides, in part, that abandonment, failure to provide support when the parent is able to do so, and failure of the parent to maintain "consistent contact or communication with the child," are factors which may
be considered, among others, in determining whether to permit voluntary relinquishment of parental rights. In the present case, the Court of Civil Appeals found that Mr. Stephenson had abandoned his son and held that the abandonment justified the termination of the father's parental rights.
The purpose of the 1984 Child Protection Act is stated in § 26-18-2, which provides, in part:
 It is the purpose of this chapter to provide meaningful guidelines to be used by the juvenile court in cases involving the termination of parental rights in such a manner as to protect the welfare of children by providing stability and continuity in their lives, and at the same time to protect the rights of their parents.
The trial court concluded that termination of Mr. Stephenson's parental rights would not serve David's best interest. We agree.
Mrs. Stephenson asks for termination of her former husband's parental rights in order to avoid the possibility of future disagreements or a custody conflict with him concerning David. Mr. Stephenson has shown absolutely no interest in his son and would escape any obligation to support David if his parental rights were terminated. As appellant has ably argued, the 1984 Child Protection Act was not intended as a means for a parent to avoid his obligation to support his child. Were we to concur with the Court of Civil Appeals in this *Page 617 
instance, we would satisfy the objectives of the parents at the child's expense.
Before parental rights will be terminated, the Court must determine from clear and convincing evidence that the child is dependent and, after having made a finding of dependency, must determine whether there exists a remedy less drastic than termination of those rights. Clemons v. Alabama Dep't ofPensions Sec., 474 So.2d 1143 (Ala.Civ.App. 1985);Fortenberry v. Alabama Dep't of Pensions Sec., 479 So.2d 54
(Ala.Civ.App. 1985); Brand v. Ala. Dep't of Pensions Sec.,479 So.2d 66 (Ala.Civ.App. 1985). The Court of Civil Appeals made no finding of dependency in the present case and appears not to have considered alternatives less drastic than termination of Mr. Stephenson's parental rights. (See Clemons,supra, Fortenberry, supra, and Brand, supra.) No evidence was produced at trial, and no argument has been made, that Mr. Stephenson has harmed or has in any way interfered with Mrs. Stephenson's custody of the child. Termination of the father's parental rights in this case would seem to us to be an unnecessarily drastic action not supported by clear and convincing evidence. Although we agree that Mr. Stephenson's conduct toward his son may satisfy the criteria set forth in Ala. Code (1975), §§ 26-18-3 and 26-18-7(c), as constituting "abandonment," termination of his parental rights appears to be overwhelmingly for the convenience of the parents. By mutual consent, Mr. and Mrs. Stephenson seek to waive David's right to receive support from his father although the child would receive nothing in return.
Our courts are entrusted with the responsibility of determining the best interests of children who come before them. When a child's welfare is threatened by continuation of parental rights, the law provides a means for terminating those rights. When, after consideration of all evidence before it, a court determines that termination of parental rights would not serve the best interest of a child, as in the present case, parental rights should not be terminated. Convenience of the parents is not a sufficient basis for terminating parental rights.
Even if Mr. Stephenson chooses not to establish contact with his son, David's right to receive support from his father remains. The Child Protection Act of 1984, as we have noted, was not intended as a means for allowing a parent to abandon his child and thereby to avoid his obligation to support the child through the termination of parental rights. The courts of this State will not be used in the furtherance of such a purpose.
In the absence of clear and convincing evidence that termination of Mr. Stephenson's parental rights is the appropriate remedy, we cannot agree with the Court of Civil Appeals that the trial court erred in denying the Stephenson's petition. We hold that the judgment of the District Court of Jefferson County was correct in concluding that David Carlton Stephenson's best interests — particularly his right to receive support from his father — would not be protected by termination of the father's parental rights. The judgment of the Court of Civil Appeals is, therefore, reversed, and a judgment is rendered denying the termination of parental rights.
REVERSED AND JUDGMENT RENDERED.
MADDOX, JONES, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.