ON REMAND FROM THE SUPREME COURT OF ALABAMA
The prior judgment of this court has been reversed and the cause remanded by *Page 960 
the Supreme Court of Alabama. On remand and in compliance with the supreme court's opinion in Ex parte Beasley, 564 So.2d 950
(Ala. 1990), we now address the remaining issues raised by the child's guardian ad litem. For a complete statement of the facts, see Beasley, supra.
The guardian contends that the trial court erred in terminating the father's parental rights in the child in that there were less drastic alternatives than termination available. We agree.
"Our courts are entrusted with the responsibility of determining the best interest of children who come before them. When a child's welfare is threatened by continuation of parental rights, the law provides a means for terminating those rights." Ex parte Brooks, 513 So.2d 614, 617 (Ala. 1987). However, the 1984 Child Protection Act was not intended as a means for a parent to avoid his obligation of support. SeeBrooks, supra. "Convenience of the parents is not a sufficient basis for terminating parental rights." Brooks, supra, at 617.
Here, there was no evidence produced at trial and no argument has been made that Byron (father) has physically harmed or has in any way interfered with the mother's custody of the child. Rather, the evidence simply shows a father whose visits with his child have been sporadic. Even if the father chooses not to establish contact with his son, the child's right to receive support from his father remains. See, Brooks. Clearly, the child's future right to support, including a possible college education (see Ex parte Bayliss, 550 So.2d 986 (Ala. 1989)), and the child's rights of inheritance would not be protected if the father's parental rights were terminated.
Therefore, termination of the father's parental rights in this case would seem to us to be an unnecessarily drastic action not supported by clear and convincing evidence.
The guardian also argues that the trial court's decision to terminate the father's parental rights was in error for failure of the petition to allege that the mother was able and willing to assume custody of the child pursuant to Ala. Code 1975, §26-18-4. Here, the mother was not attempting to assume custody of the child as contemplated by § 26-18-4. Rather, she already has custody pursuant to a prior divorce decree. Therefore, we find no error here. Nevertheless, for the reasons set out above, this case is due to be reversed and remanded for an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON and RUSSELL, JJ., concur.