ROBERTSON, Judge.
This is an appeal from an order in which the trial court refused to terminate a father’s parental rights.
On May 1, 1989, the mother, Gail Miller, petitioned for the termination of the father’s parental rights to the parties’ minor child. Following a hearing in which evidence was presented ore tenus, the trial court denied the termination petition. The mother appeals.
In its order, the trial court stated:
“In determining the issues in this ease the court finds the language in [Ex parte] Brooks, [513 So.2d 614 (Ala. 1987) ], to be very important. As previously stated the court rtust determine the so-called two-prong test, i.e., (1) dependency and (2) whether the child’s best interests are served by the termination or by less drastic measures. The court finds that the petitioner has met her burden of proof regarding the issue of dependency. ... The second determination ... is much more difficult_ [N]o substantial evidence has been produced in the present case that the defendant has harmed or abused the child and in this court’s opinion the termination appears to be too drastic a remedy....
“In summary the court does not believe that the petitioner has shown by clear and convincing evidence that the minor child’s best interests would be served by terminating the father’s parental rights.
This court first notes that although the trial court determined that the mother met her burden of proof on the dependency issue, our supreme court in its most recent case on this subject held:
“Except for Brooks, ... we find no authority for the proposition that where one parent seeks to terminate the other’s parental rights the petitioning parent must show that the child is ‘dependent,’ as that term is statutorily defined.... To the extent that certain language in Brooks may be interpreted to require a determination of the child’s dependency in the case of one parent’s seeking to terminate the parental rights of the other parent, that language is overruled; and we hold ... that the petitioning mother need not prove that her child is a dependent as a requisite element of her proof *276 that thé father’s párentál rights should be terminated.”
Ex parte Beasley, [Ms. 88-1373, Feb. 2, 1990] — So.2d - (Ala.1990).
This court cites Beasley for the purpose of clarifying the law. When the custodial parent seeks to terminate the rights of the other parent, the two-pronged test is this: First, the court must find grounds for termination, including, but not limited to, the grounds enumerated in § 26-18-7, Code 1975; and, second, after inquiring as to all viable alternatives: and having considered and rejected the other alternatives, -the court must find that a termination of parental rights is in the best interest of the child. Beasley.
The evidence contained _ in the record was this: The mother alleges one incident of violence to the child. However, the father is. incarcerated and poses no immediate threat to the child’s welfare. Further, he , desires to maintain contact with his child, has tried to have visits with her, and expresses a concern for her welfare.
In situations where the trial court was presented evidence ore tenus, its judgment will be presumed correct on appeal, and this court will not set it aside absent a determination that the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Fitzgerald v. Fitzgerald, 490 So.2d 4 (Ala.Civ.App.1986).
In this -case, we cannot determine that the judgment is unsupported by the evidence or the lack thereof. Therefore, we find no error in the trial court’s finding that a termination of the father’s parental rights is too drastic and would nqt serve the minor child’s best interest.
Thus, the judgment of the trial court is due to- be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.