ROBERTSON, Judge.
This is an appeal from an interpleader action.
Family Savings Federal Credit Union (credit union) filed an action to determine the true ownership of the proceeds from a certificate of deposit held in the name of “Gene or Kellie or Patricia Campbell.” After receiving ore tenus evidence, the trial court determined that Patricia Thompson was the owner. Patricia M. Campbell’s motion for new trial was denied, and she appealed.
Two issues are raised on appeal: (1) Did the trial court err in determining who is entitled to the funds in the certificate of deposit? (2) Did the trial court err in admitting testimony concerning conversations with Gene Campbell prior to his death?
Our review of the record reveals the following pertinent facts. Gene Campbell (father) and Patricia Campbell (mother) divorced in 1979. The mother was granted custody of Kellie, the only child of the parties. The father subsequently married another woman named Patricia (wife). The mother later remarried and legally became known as Patricia Thompson.
In 1975, while the mother and the father were still married, they began a savings account for the daughter. It is undisputed that the monies in the savings account and subsequent certificates of deposit belonged to the daughter and were merely managed by the mother and the father for the daughter.
The original savings account for the daughter, under the maintenance and control of the father, reached a high balance of over $9,000 before the father began unexplained withdrawals and ultimately closed the account. In January 1984, the father purchased certificate of deposit number 1952 in the name of “Gene or Kellie or Patricia Campbell.” In January 1987, the father purchased a replacement, certificate of deposit number 196, in the same name, increasing the amount with a check from the joint checking account he shared with his current wife, Patricia M. Campbell.
*661 Kellie died in July 1988, and the father died in December 1988. Both the wife and the mother claim survivorship interest in the certificate of deposit from the credit union dated January 1987, in the name of “Gene or Kellie or Patricia Campbell.” The trial court considered pleadings, arguments, briefs, and testimony before determining that the mother was the Patricia Campbell referred to on the certificate.
The wife argues on appeal that the trial court erred in determining that the mother was the Patricia Campbell on the certificate.
We first note that because the evidence was presented to the trial court ore tenus, the judgment is presumed correct and will not be set aside on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Muncher v. Muncher, 509 So.2d 250 (Ala.Civ.App.1987).
In our thorough review of the entire record, we find ample evidence to support the judgment of the trial court. The evidence is undisputed that the money belonged to the daughter and that neither the father nor the mother claimed it but merely managed it for the daughter’s benefit. There were exhibits admitted showing that the father routinely referred to his second wife as Patricia M. Campbell. There was evidence presented that he used her middle initial on joint accounts, on a property deed, and on other certificates of deposit. There were exhibits conclusively proving that on the same dates the father invested in the certificates in question, he also invested in certificates in the name of “Gene or Patricia M. Campbell.”
The wife also argues that the trial court erred in admitting testimony from the mother, to which the wife objected, regarding conversations between the mother and the father prior to the father’s death. The conversations concerned the father’s intent in establishing the account for the daughter. The wife contends that the testimony was hearsay, which did not fall into any exception and was, therefore, inadmissable. Even without the evidence the wife claims to be improperly admitted, the trial court had ample evidence before it to support its judgment. Muncher, supra. Therefore, we pretermit that issue.
In view of the above, we find that the trial court did not err in its judgment and that its judgment is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.