L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1987. The mother was awarded custody of the parties’ minor son. The father was ordered to pay child support and awarded visitation privileges.
In December 1991 the father’s parents filed a petition, requesting that they be allowed visitation with the parties’ minor son. The mother answered the petition and denied that visitation with the grandparents would be in the child’s best interests. She further requested that the father be added as a party and that he be held in contempt for his failure to pay child support. She requested that his parental rights be terminated. The father subsequently filed a petition, requesting that the mother be found in contempt for interfering with his visitation privileges.
Following oral proceedings, the trial court denied the mother’s petition to terminate the father’s parental rights. Specific visitation was awarded to the father and the grandparents. The father was found to be in arrears. He was ordered to pay monthly installments on the arrearage in addition to his regular child support payments.
The mother appeals. She raises three issues for our review. Only one issue, however, is supported by authority. We will address only that issue. Harris v. Harris, 528 So.2d 866 (Ala.Civ.App.1988).
The mother asserts that the trial court erred in refusing to terminate the father’s parental rights on the grounds of abandonment.
When evidence is presented orally to the trial court, its judgment is presumed to be correct and will not be set aside on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Muncher v. Muncher, 509 So.2d 250 (Ala.Civ.App.1987).
In this case the burden was on the mother to prove by clear and convincing evidence that termination would be in the child’s best interests because the father was unable or unwilling to discharge his responsibility to and for the child or because his conduct or condition is such as to render him unable to properly care for the child and such conduct or condition is unlikely to change in the foreseeable future. § 26-18-7, Code 1975; Muncher.
We have carefully reviewed the record, and it is our opinion that the evidence supports the trial court’s decision not to terminate the father’s parental rights. The mother failed to present clear and convincing evidence that the father had voluntarily abandoned the child or that termination of the father’s parental rights would be in the best interests of the child.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions *692 of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.