THOMPSON, Presiding Judge.
U.R.S. (“the mother”) filed a complaint seeking to terminate the parental rights of B.S.T. (“the father”) to their child, N.J.S. (“the child”). In support of her complaint, the mother submitted a signed and notarized “consent and relinquishment of parental rights,” in which the father consented to the termination of his parental rights to the child. The juvenile court appointed S.D.P. as the guardian ad litem to represent the child and scheduled a hearing on the mother’s complaint. After receiving ore tenus evidence, the juvenile court entered a judgment on July 2, 2008, in which it terminated the father’s parental rights to the child. The guardian ad litem, on *937 behalf of the child, timely appealed the termination judgment.
The father did not appear for the June 2008 termination hearing; the mother was the only witness who presented evidence at that hearing. The mother testified that she and the father had never married but that she had shared a home with the father after she became pregnant with the child. The child was born on December 10, 2007, and the mother continued to share a home with the father after the child’s birth. The mother did not present evidence regarding how long she and the child had resided with the father following the child’s birth. The allegations in the mother’s May 2, 2008, complaint indicate that she and the child were no longer living with the father at the time that pleading was filed.
The mother testified at the June 2008 termination hearing that she and the child no longer lived with the father because the mother was concerned for her safety and for that of the child. According to the mother, the father had a problem with anger and had once pushed the mother while she was holding the child. The mother testified that, on another occasion, the father had choked her. The mother stated that she had called the police on two occasions after she had been abused by the father. The mother admitted that, to her knowledge, the father had never abused the child.
The mother testified that the father had informed her that he had a criminal record in at least one state. According to the mother, the father had been convicted of battery of his ex-wife in Minnesota; the record does not indicate whether that was a felony or a misdemeanor conviction. The mother testified that she believed that the father had been convicted of felonies in other states, but she later admitted that she was not familiar with the distinction between felonies and misdemeanors.
The mother also stated that the father had indicated to her that he had no desire to financially support the child. The mother explained that the father had three other children, two of whom lived with him, and that the father’s sole source of income was his receipt of disability income (apparently Social Security disability benefits). Comments made by the juvenile court during the termination hearing indicate that it relied upon the allegations contained in the father’s “consent and relinquishment of parental rights” that indicated that the father was not employed and that he was unwilling to financially support the child. The mother testified that she was employed and capable of supporting the child by herself.
On cross-examination by the guardian ad litem, the mother indicated that, because of her fear of the father, she would like to have the father out of her life. The mother testified that the father does not visit the child; neither the questioning nor the mother’s testimony indicated the periods during which the father had not visited the child.
The Child Protection Act (“CPA”), § 26-18-1 et seq., Ala.Code 1975, governs cases involving the termination of parental rights.[1] Our supreme court has explained:
“Where, as here, the custodial parent petitions to terminate the parental rights of the noncustodial parent, the trial court’s analysis consists of two *938 parts. [Ex parte Beasley,] 564 So.2d [950,] 954 [ (Ala.1990) ]. First, the trial court must determine whether grounds exist for terminating parental rights. 564 So.2d at 954. Grounds exist for terminating parental rights if the parent in question is ‘unable or unwilling to discharge [his] responsibilities to and for the child, or ... the conduct or condition of the parent[ ] is such as to render [him] unable to properly care for the child and ... such conduct or condition is unlikely to change in the foreseeable future.’ Ala.Code 1975, § 26-18-7(a) (stating that, under such conditions, a court ‘may terminate the parental rights of the parent[ ]’). A trial court’s order terminating parental rights must be based on ‘clear and convincing evidence, competent, material, and relevant in nature.’ Ala.Code 1975, § 26-18-7(a).
“In determining whether such grounds exist, factors for the trial court’s consideration include, but are not limited to, those grounds set forth in Ala. Code 1975, § 26-18-7. Beasley, 564 So.2d at 954. The [relevant] factors set forth in Ala.Code 1975, § 26-18-7, are as follows:
“ ‘(a) ... In determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child, the court shall consider, and in cases of voluntary relinquishment of parental rights may consider, but not be limited to, the following:
“ ‘(1) That the parents have abandoned the child, provided that in such cases, proof shall not be required of reasonable efforts to prevent removal or reunite the child with the parents.
[[Image here]]
“ ‘(3) That the parent has tortured, abused, cruelly beaten, or otherwise maltreated the child, or attempted to torture, abuse, cruelly beat, or otherwise maltreat the child, or the child is in clear and present danger of being thus tortured, abused, cruelly beaten, or otherwise maltreated as evidenced by such treatment of a sibling.
“ ‘(4) Conviction of and imprisonment for a felony.
[[Image here]]
“ ‘(b) Where a child is not in the physical custody of its parent or parents appointed by the court, the court, in addition to the foregoing, shall also consider, but is not limited to the following:
“ ‘(1) Failure by the parents to provide for the material needs of the child or to pay a reasonable portion of its support, where the parent is able to do so.
“ ‘(2) Failure by the parents to maintain regular visits with the child in accordance with a plan devised by the department, or any public or licensed private child care agency, and agreed to by the parent.
“ ‘(3) Failure by the parents to maintain consistent contact or communication with the child.
[[Image here]]
“ ‘(c) In any case where the parents have abandoned a child and such abandonment continues for a period of four months next preceding the filing of the petition, such facts shall constitute a rebuttable presumption that the parents are unable or unwilling to act as parents. Nothing in this subsection is intended to prevent the filing of a petition in an abandonment case pri- or to the end of the four-month period.’ ”
Ex parte J.E., 1 So.3d 1002, 1006-07 (Ala.2008).
*939 On appeal, the guardian ad litem contends that the evidence presented to the juvenile court did not support its judgment terminating the father’s parental rights; neither the mother nor the father has favored this court with a brief on appeal. The guardian ad litem contends that, although § 26-18-7 is not exhaustive in setting forth factors to be considered in determining whether to terminate a parent’s parental rights, the mother failed to present clear and convincing evidence in support of any factors supporting the termination of the father’s parental rights.
Before the juvenile court, the mother attempted to set forth evidence in support of several of the factors specifically enumerated in § 26-18-7; she testified regarding the father’s physical abuse of her, the father’s criminal history, and the father’s failure to visit or support the child. See § 26-18-7(a)(l), (3), and (4), Ala.Code 1975. However, we agree with the guardian ad litem that there is no evidence indicating that the father abused the child at issue in this matter or that he abused the two children that are in his custody. See § 26-18-7(a)(3). Further, the mother’s testimony regarding the father’s criminal history was speculative at best, and that testimony does not establish that the father was convicted of or imprisoned for committing a felony. See § 26-18-7(a)(4).
The mother alleged in her complaint that the father had abandoned the child, as that term is defined in the CPA. In its judgment terminating the father’s parental rights, the juvenile court specifically found that the father’s conduct amounted to an abandonment of the child. Pursuant to § 26-18-7(c), Ala.Code 1975, a rebuttable presumption that a parent is unwilling or unable to properly act as a parent arises when the parent has abandoned the child for a period of four months.
In this case, the evidence presented by the mother does not indicate the duration of what she contends is the father’s abandonment of the child. The mother testified that she and the child had lived with the father for some unspecified period and that, thereafter, the father had failed to support and visit the child. However, there is no indication in the record of when the mother and the child moved from the father’s home. The father’s consent to the termination of his parental rights is dated April 30, 2008; that consent was submitted in support of the mother’s May 2, 2008, petition to terminate the father’s parental rights, which indicates that the mother and the father were no longer living together. The July 2, 2008, termination judgment was entered less than four months later. Thus, there is no indication in the record that the July 2, 2008, termination judgment was entered after an abandonment by the father of the child for a period of at least four months. We must conclude, therefore, that the record does not demonstrate that the rebuttable presumption of abandonment of the child sufficient to justify the termination of the father’s parental rights was triggered in this case. Given the foregoing, we must conclude that the mother did not present clear and convincing evidence in support of any of the grounds for termination of parental rights set forth in § 26-18-7, Ala.Code 1975.
Further, as the guardian ad litem contends, the only other basis upon which the mother sought to terminate the father’s parental rights was her wish to have the father out of her life and the father’s desire not to be required to contribute toward the support of the child. However, “[a] parent’s parental rights cannot be terminated merely for the convenience of the parties.” C.M. v. D.P., 849 So.2d 963, 965 (Ala.Civ.App.2002); see also In re Beasley, 564 So.2d 959 (Ala.Civ.App.1990) (same).
*940 In Ex parte Brooks, 513 So.2d 614 (Ala.1987), our supreme court reversed a judgment terminating a father’s parental rights when the parents preferred that the mother raise the son and that the father’s parental rights be terminated. In doing so, the court held that, although the father’s conduct might amount to abandonment pursuant to § 26-18-3(1) and § 26-18-7(c), the court would not allow the termination of the father’s parental rights merely for the convenience of the parties. Ex parte Brooks, supra. The court explained its reasoning as follows:
“Our courts are entrusted with the responsibility of determining the best interests of children who come before them. When a child’s welfare is threatened by continuation of parental rights, the law provides a means for terminating those rights. When, after consideration of all evidence before it, a court determines that termination of parental rights would not serve the best interest of a child, as in the present case, parental rights should not be terminated. Convenience of the parents is not a sufficient basis for terminating parental rights.
“Even if [the father] chooses not to establish contact with his son, [the child’s] right to receive support from his father remains. The Child Protection Act of 1984, as we have noted, was not intended as a means for allowing a parent to abandon his child and thereby to avoid his obligation to support the child through the termination of parental rights. The courts of this State will not be used in the furtherance of such a purpose.”
Ex parte Brooks, 513 So.2d at 617.
We cannot say that the record contains the requisite “clear and convincing evidence” of the existence of grounds justifying the termination of the father’s parental rights. See Ex parte J.E., supra. The convenience or the desires of the parents may not serve as the sole basis for terminating a noncustodial parent’s parental rights. Ex parte Brooks, supra. Given the foregoing, we conclude that the juvenile court erred in terminating the father’s parental rights. Accordingly, the July 2, 2008, termination judgment is reversed.
REVERSED.
PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs specially.
BRYAN, J., dissents, with writing.

. The CPA has been revised and reorganized by Act No. 2008-277, Ala. Acts 2008, which is applicable to actions involving the termination of parental rights decided on or after January 1, 2009. The judgment at issue in this case was entered before the effective date of die revisions set forth in Act No. 2008-277, and, accordingly, in addressing the merits of this appeal, we have applied the former version of the CPA.