This is a will contest. The trial court rendered judgment on the jury's verdict in favor of the contestant. From this judgment the proponent appeals.
The testratrix was Flossie Mae Pulsifer. The contestant is her daughter, Aileen Dobbs, and the proponent is the testatrix's sister, Nettie Hollingsworth Alford.
Pulsifer executed the will in question on July 23, 1982, when she was 69 years of age. During the years preceding the execution of this will Pulsifer suffered from alcoholism, paranoia, depression, and borderline retardation with an I.Q. of 79 due to cerebral degeneration. A comparison of electroencephalograms conducted in 1977 and 1982 indicated that she had suffered cerebral degeneration between the two examinations.
The record also reveals that Pulsifer had on occasion exhibited behavior dangerous to herself. On one such occasion in 1980, while in the hospital for surgery, she attempted to jump from a seventh floor window but Dobbs stopped her by catching her by the leg. On another occasion, during a thunderstorm, Pulsifer was found in a ditch behind her home wearing only a nightgown.
Concerned about her mother's condition, Dobbs contacted her mother's physician, who "strongly suggested" that she seek psychiatric consultation for her mother because he thought it might "help her health a great deal." Dobbs then instituted proceedings in the probate court, which ordered the sheriff to take Pulsifer into custody for psychiatric evaluation.
When Pulsifer was released from the hospital after this evaluation, Alford took her from the hospital to the office of Pulsifer's attorney, Douglas Burns. The next day Alford again took Pulsifer to Burns's office. She also took her to the office of Rowan Bone, another attorney. The next day Alford took Pulsifer back to Bone's office, where the will in question was executed. This July 1982 will left Pulsifer's entire estate to Alford, excluding Dobbs and the testatrix's grandchildren, who had been the sole beneficiaries under her previous 1977 will.
On June 24, 1983, Pulsifer died, and her 1982 will was submitted for probate on July 1, 1983. Dobbs contested this will, and the trial court, in accordance with the jury verdict, rendered judgment in favor of Dobbs, holding the 1982 will invalid. Alford argues that Dobbs did not present a scintilla of evidence that she had exercised undue influence over the testatrix to procure the execution of the 1982 will.
Alford at no time moved for a directed verdict or a judgment notwithstanding the verdict as provided by Rule 50, A.R.Civ.P. A motion for new trial was filed, but later withdrawn. For this Court to review a jury verdict on the grounds that there was insufficient evidence to support it, both a motion for directed verdict at *Page 350 
the close of all the evidence and a post-trial motion for J.N.O.V. must be made. Great Atlantic Pacific Tea Co. v.Sealy, 374 So.2d 877 (Ala. 1979); Perdue v. Gates,403 So.2d 165 (Ala. 1981); Rule 50, A.R.Civ.P. Because appellant's only contention is that the evidence was insufficient to support the verdict, the judgment is due to be affirmed.
It is insisted in appellant's brief that only the issue of undue influence was submitted to the jury. We notice, however, that the trial court charged the jury, without objection, as follows:
 "If you are reasonably satisfied from the evidence that the testator [sic] was of sound mind and memory at the time of the execution of the will and that the will was not influenced by fraud, the exercise of undue influence or for any other reason invalid, then partiality, pride, caprice, unequal, unnatural and unjust distribution of his or her property would not be grounds to set aside the will."
It would appear under the circumstances that the jury could have reasonably understood the above charge to allow them to find the will invalid on the theory of lack of testamentary capacity. In view of our decision, it is unnecessary to resolve this issue. We note, however, that there is substantial evidence of lack of testamentary capacity.
Accordingly, the judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and HOUSTON, JJ., concur.