ALMON, Justice.
This is an action for breach of contract; negligent, wanton, or willful misconduct; and fraud. The jury returned a verdict for the plaintiff in the amount of $65,000, and the court entered judgment thereon and denied the defendant’s post-trial motions. Defendant raises issues regarding the admission of certain evidence and attempts to raise issues regarding the sufficiency of the evidence.
*1000 In June of 1975 the appellee, Jill H. Carr, and her then-husband, Oscar Lamb, purchased a house in Montgomery. Carr obtained a termite bond from Cardinal Pest Control, Inc. Cardinal inspected and treated the house, reporting that it discovered some termite damage in the den wall, and issued a bond in the amount of $5,000.
In February 1984, contractors working in Carr’s house found termite damage in the den wall. Carr reported this to Cardinal, which retreated the house in April 1984 and issued a new bond in the amount of $250,-000. Carr found further termite damage in the den and the half-bath in July 1984. She continued to find more damage in the autumn of 1984 and thereafter.
On January 30, 1985, Carr filed suit against Cardinal and its manager, James M. Sims, Jr. Prior to trial, the defendants filed two separate motions in limine. The first, filed on August 23, 1985, requested that the court prohibit Carr from presenting evidence of any facts concerning transactions between Cardinal and third parties as to which Carr was in no sense a party, or any facts establishing that Cardinal may have had insurance for any liability imposed in the instant lawsuit or the amount of any such insurance. The second motion, dated August 26, 1985, requested that Carr be prohibited from presenting facts concerning any change in the policies, practices, or customs of Cardinal. There is some cónfusion as to which of these motions was granted. The case action summary contains the following entry, dated August 26, 1985: “Motion in limine filed by defendants. (Granted).” There is no separate mention in the summary of any filing of the motion in limine dated August 26, 1985, but the August 26 order could be read as indicating that the motion was filed on the same day the order was entered.
Carr offered evidence that Cardinal had been placed on probation by the Alabama Department of Agriculture and Industries for keeping faulty and negligent records. Cardinal objected to this evidence and the court overruled the objection. In addition, Carr offered into evidence the 1984 termite certificate, to which Cardinal objected. The trial court overruled this objection also.
At the close of Carr’s case, the defendants, Cardinal and Sims, made motions for directed verdicts. The trial court granted the motion as to Sims, but denied it as to Cardinal. Cardinal proceeded with its defense, but, at the conclusion of its case, did not renew its motion for directed verdict. The jury reached a verdict in favor of Carr in the amount of $40,000 compensatory damages and $25,000 punitive damages. Cardinal subsequently filed a motion for judgment notwithstanding the verdict or, alternatively, for a new trial. The court denied this motion.
Cardinal appeals from the judgment and from the denial of the post-trial motion, claiming that the evidence presented by Carr was insufficient to establish an intent to defraud by Cardinal; that the evidence failed to establish reliance by Carr upon any alleged misrepresentations of Cardinal; that the trial court improperly denied Cardinal’s motion for a directed verdict on the fraud count, thereby allowing the jury to render a general verdict; that the evidence failed to support the jury award of punitive damages; that the trial court committed reversible error in allowing into evidence, over Cardinal’s objection, evidence concerning „ transactions between Cardinal and third parties, and evidence of insurance of Cardinal; and that the trial court erred in allowing into evidence testimony concerning, and the actual exhibit of, the 1984 termite certificate for consideration by the jury.
The first four issues presented by Cardinal all go to the sufficiency of the evidence. For this Court to review a judgment on a jury verdict on the ground that there was insufficient evidence to support the verdict, both a motion for directed verdict at the close of all the evidence and a post-trial motion for J.N.O.Y. must be made. A.R.Civ.P., Rule 50; Alford v. Dobbs, 477 So.2d 348 (Ala.1985); Great Atlantic & Pacific Tea Co. v. Sealy, 374 So.2d 877 (Ala.1979); Perdue v. Gates, 403 So.2d 165 (Ala.1981). Cardinal made a motion for directed verdict at the close of the *1001 plaintiff’s evidence, but did not renew it at the close of all the evidence. This Court has held that under these circumstances a defendant has failed to preserve the right to move for J.N.O.V. or new trial on the ground of insufficiency of the evidence. Sunshine Homes, Inc. v. Newton, 443 So.2d 921 (Ala.1983); Independent Life & Accident Ins. Co. v. Parker, 449 So.2d 233 (Ala.1984). The first four arguments, therefore, present nothing for review.
Cardinal argues that the trial court committed reversible error in allowing evidence concerning transactions between Cardinal and third parties. Cardinal argues that the doctrine of res inter alios acta (things done between strangers) applies. This doctrine precludes the introduction of evidence of transactions by which the proponent was in no way affected and to which he was in no sense a party. Loftin’s Rent-All, Inc. v. Universal Petroleum Services, Inc., 344 So.2d 781 (Ala.Civ.App.1977). The court went on to say:
“It appears that the focus of the rule of res inter alios acta is upon the relevancy of the evidence, rather than the fact that the evidence involves the acts or declarations of a non-party. Thus relevant evidence, even though it be the acts or declarations of a non-party to the lawsuit, falls without the scope of the doctrine.”
Loftin’s Rent-All, supra, at 785.
The evidence in question, that Cardinal had been placed on probation by the Alabama Department of Agriculture and Industries for keeping faulty and negligent records, was offered by Carr during examination of Sims following this exchange:
“Q. Mr. Sims, do you keep good records?
“A. My employees, I think, kept very good records.”
It is clear that the evidence was relevant for impeachment purposes. Since there was a relevant purpose for which the evidence could be admitted, it does not fall within the doctrine of res inter alios acta and was properly admitted. Loftin’s Rent-All, supra.
Cardinal also argues that the court erred by allowing evidence that it was insured and by allowing the admission of the 1984 termite certificate. The termite certificate was evidence of a bond contract between Carr and Cardinal. The bond included a statement that Cardinal was insured for the term of the bond. When Carr offered the certificate, she offered it as evidence of the contract, not as evidence that Cardinal was insured. Cardinal made no attempt to have the language regarding insurance stricken from the face. of the certificate. In her complaint, Carr alleged two separate contracts, one in 1975 and one in 1984. A copy of each certificate was attached to the complaint. The original written contract, when pleaded, is admissible into evidence. Bell v. Washington, 373 So.2d 865 (Ala.Civ.App.1979); 17A C.J.S. Contracts § 592(b) (1963).
There being no reversible error presented for review, the judgment is affirmed.
AFFIRMED.
MADDOX, JONES, BEATTY and HOUSTON, JJ., concur.