ON APPLICATION FOR REHEARING
Our original opinion in this case is withdrawn, and the following opinion is substituted therefor:
This appeal is from a summary judgment entered for the defendant in a medical malpractice claim. On October 6, 1987, Jessie Lea Herring filed a complaint against Dr. Mitchell Shirah. The complaint alleged medical malpractice because Dr. Shirah allegedly failed to diagnose Ms. Herring's breast cancer when he examined her on January 21, 1985. The trial court granted a summary judgment for Dr. Shirah because, on its face, the plaintiff's complaint appeared to be barred by the applicable two-year statute of limitations. Judgment was entered on December 29, 1987. Ms. Herring filed a post-judgment motion for reconsideration, which we deem to be a Rule 59(e), A.R.Civ.P., motion. See Baker v. Ball, 473 So.2d 1031
(Ala. 1985). On February 4, 1988, before the court ruled on Ms. Herring's post-trial motion, she filed a notice of appeal. Thereafter, on February 8, 1988, the trial court entered an order purporting to deny Ms. Herring's motion. We reverse the summary judgment.
Prior to discussing the substantive issue raised by Ms. Herring, we must address an interesting procedural question that arises because she filed her notice of appeal while her post-judgment motion was pending before the trial court. To file a timely post-judgment motion, a party must file the motion within 30 days of the entry of judgment. Rule 59(b), A.R.Civ.P. Ms. Herring filed her motion within the 30-day period. At that point, the 42-day period for filing a notice of appeal was tolled until the trial court ruled on the post-judgment motion, see Rule 4(a), A.R. App. P., or until the motion was deemed denied by operation of law. See Rule 59.1, A.R.Civ.P. Ms. Herring filed her notice of appeal within 42 days of the entry of the summary judgment, even though the court had not ruled on her pending post-judgment motion. Apparently, the plaintiff either misunderstood the tolling provision or was being cautious in preserving her right to an appeal. *Page 272 
Nevertheless, because Ms. Herring had a pending motion before the trial court, we must decide how to treat her notice of appeal.
The Court of Civil Appeals addressed a similar problem inFarmer v. Farmer, 398 So.2d 723 (Ala.Civ.App. 1981). InFarmer, the wife moved for a new trial following a judgment of divorce. Before the court ruled on the post-judgment motion, the wife filed a notice of appeal. Thereafter, the court purported to overrule her motion. The Court of Civil Appeals held that, because the wife was also the movant on the post-judgment motion, her appeal would be considered, but that her motion for new trial would not.
This Court has also addressed two similar procedural problems. In Ex parte Andrews, 520 So.2d 507 (Ala. 1987), the trial court entered a final judgment in divorce proceedings and the wife filed a timely notice of appeal. Subsequently, the husband filed a timely post-judgment motion to alter, amend, or vacate pursuant to Rule 59, A.R.Civ.P. This Court granted certiorari to consider the effect of a timely filed post-judgment motion by one party, when a notice of appeal had already been filed by another party. We held that the notice of appeal was deemed void, because one party could not interfere with another party's right to obtain a ruling on his post-judgment motion. Therefore, we required that the notice of appeal be filed again after the post-judgment motion was ruled upon.
In Owens v. Coleman, 520 So.2d 514 (Ala. 1987), which was decided the same day as Andrews, a similar question was involved. In Owens, after the entry of judgment, a post-judgment motion was timely filed by one party; thereafter, a notice of appeal was filed by the other party. (In Andrews
the post-judgment motion was filed by the other partysubsequent to the notice of appeal.) Owens followed the reasoning in Andrews in concluding that one party could not interfere with another party's right to a ruling on a post-judgment motion. In Owens we held:
 Where a post-judgment motion has not been disposed of when the notice of appeal is filed, as in the case at bar, the notice of appeal is of no effect and it must be refiled within 42 days of the disposition of the post-judgment motion either by order or by operation of law under Rule 59.1, A.R.Civ.P.
Owens, 520 So.2d at 516. Our interpretation of the Rules of Civil Procedure in both Owens and Andrews was fair to both parties because it allowed one party to obtain a ruling from the trial court and also permitted the other party to appeal, although the appealing party had the burden of refiling.
Owens and Andrews provide some insight into the issue before the Court in the instant case; however, both cases are distinguishable from the instant case. In both Owens andAndrews one party filed the post-judgment motion and the other
party filed the notice of appeal. In this case, the party filing the notice of appeal is the same party that filed the post-judgment motion; therefore, the issue is not the same as those raised in Owens and Andrews.
Basically, we have two options in the instant case: 1) we can treat the notice of appeal as a withdrawal of the post-judgment motion, or, 2) we can conclude that the notice of appeal has no force or effect until after the post-judgment motion is ruled upon; therefore, a new notice of appeal would be required within 42 days of the ruling on the post-judgment motion. If we adopt the latter procedure, then Ms. Herring would have lost her right to an appeal, because she did not refile a notice of appeal within 42 days of the entry of the trial court's order denying the post-judgment motion. That would be a harsh result in light of these facts: 1) the notice of appeal was filed within 42 days of the original judgment; 2) the issue on appeal is not dependent upon a ruling on the post-judgment motion (i.e., the issue was preserved for appeal without the need to file a post-judgment motion); and 3) Ms. Herring, not another party, would be impeding her own right to a ruling on her post-judgment motion. *Page 273 
We conclude that Ms. Herring's appeal worked as a withdrawal of her post-judgment motion, and that her appeal was therefore timely. We hold that a party's notice of appeal works as a withdrawal of that party's pending post-judgment motion, whether the notice of appeal is given during the 42-day period, or at some later time during the pendency of the post-judgment motion. Nevertheless, we caution anyone adopting this method that the issues raised on appeal must be such as would have been properly preserved without the need for a post-judgment motion. Otherwise, this Court will be precluded from addressing them on appeal.
Finally, we request our Standing Committee on Alabama Rules of Appellate Procedure to draft an amendment to Rule 4(a), A.R. App. P., so that rule reflects the holding of this opinion.
We can now relate the facts necessary to the adjudication of the substantive issue raised by the appellant. On January 21, 1985, Ms. Herring was examined by Dr. Shirah for problems relating to a lump in her right breast. Dr. Shirah allegedly told Ms. Herring that the lump was nothing to worry about and recommended no further tests or examinations. In December 1986, the breast again began to bother Ms. Herring and she went to a different doctor, Dr. Madhav V. Naik, for an examination. He told her that he suspected that the lump was cancerous. On April 10, 1987, Dr. Naik performed a right modified mastectomy, and tests showed that the lump was cancerous. The plaintiff filed her complaint alleging malpractice on October 6, 1987, almost six months after the surgery was performed. The plaintiff then amended the complaint several times in an attempt to allege facts sufficient to prove that the claim was not barred by the applicable statute of limitations, but the plaintiff never specifically stated when she learned that her problem was cancer.
The statute of limitations for malpractice claims in Alabama is found in Ala. Code 1975, § 6-5-482, which states:
 "(a) All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier. . . ."
The time for filing a malpractice claim under the six-month saving clause begins to run after actual discovery of the cause of action, or after the "discovery of facts which would reasonably lead to such discovery, whichever is earlier." Ala. Code 1975, § 6-5-482. Moreover, our decision in Tucker v.Nichols, 431 So.2d 1263 (Ala. 1983), interpreted this saving clause broadly in order to avoid finding it unconstitutional.Tucker held that a party who discovers her cause of action for malpractice within two years after the claim arose, but near the end of the two-year period, has six months from the date the claim was or should have been discovered to file a claim, even though the plaintiff actually discovered the cause of action within the two-year statutory period. If the Court inTucker had interpreted the statute otherwise, then a plaintiff who discovered her cause of action on the last day of the limitations period would be required to file a claim immediately in order to preserve it; whereas a plaintiff who discovered her claim the day after the statutory period would have six months from that date to file her claim. Therefore, inTucker this Court held:
 "By allowing the instant suit [discovered within the two-year period, and filed after the two year period, but within six months of discovery], all party claimants are given the same six-month period after discovery within which to file their action. . . ."
Tucker, 431 So.2d at 1265.
In the instant case, the plaintiff claims that she did not learn of sufficient *Page 274 
facts that would reasonably have led to the discovery of her cause of action for malpractice in failing to diagnose the cancer until after April 10, 1987, the date surgery and tests were performed that confirmed that the lump was cancerous. Prior to that point, Ms. Herring argues, she only suspected that Dr. Shirah had misdiagnosed her problem. She argues that she could not be sure that she had a claim until after the surgery and tests were performed and the lump was confirmed to be cancerous.
On the other hand, Dr. Shirah claims that Ms. Herring had sufficient facts to bring a claim in December 1986, the point at which Dr. Naik examined her and told her that the lump might be cancerous; Dr. Shirah argues that discovery occurred before the two-year statute of limitations had expired and that the saving clause in the malpractice statute was not applicable. Furthermore, Dr. Shirah argues, even if this constituted only a fact that would reasonably lead to the discovery of the cause of action, then Ms. Herring still should have filed her claim for malpractice within six months of her December discovery; thus, he says, the complaint filed on October 6, 1987, would have been barred.
We must reverse the summary judgment in this case if there were any genuine issues of material fact that should have been decided by a jury. More specifically, we must determine whether the question of when Ms. Herring discovered facts sufficient to give rise to a claim was a question of fact for the jury or a question of law.
In Papastefan v. B L Constr. Co., 356 So.2d 158 (Ala. 1978), the plaintiff's deposition testimony indicated that he had discovered facts that would reasonably have led him to discover his cause of action; therefore, the trial court granted summary judgment for the defendant on the ground that the claim was time-barred.[1] On appeal, this Court held that the question of when facts were discovered that would reasonably have led to the discovery of a cause of action was a question for the jury. Likewise, in Marks Fitzgerald Furniture Co. v. Clarklift ofAlabama, Inc., 494 So.2d 614 (Ala. 1986), this Court held that it was for the jury to determine, as a fact, when the plaintiff discovered facts sufficient to show the existence of a cause of action. Finally, in McLaughlin v. Pannell Kerr Forster,504 So.2d 264 (Ala. 1987), this Court held that summary judgment was improperly granted on the ground that the claim was time-barred when there was a dispute as to when the plaintiff should have discovered the cause of action.
These cases indicate that the question of when a cause of action was or should have been discovered is a question of fact for a jury. Therefore, in the present case, summary judgment was improper on the ground that the action was time-barred. In the instant case, there was evidence that could lead to the conclusion that the malpractice claim was barred, but there was also evidence that could lead to the conclusion that it was not. Relying on the line of authority previously cited, we must conclude that the trial court erred in granting summary judgment on the basis of the statute of limitations.
For the foregoing reasons, the judgment of the trial court is due to be, and it hereby is, reversed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.
[1] Actually, the court dismissed the case, but, because the court had considered evidence outside the pleadings, we reviewed the dismissal as a summary judgment. See Rule 12(b), A.R.Civ.P. *Page 275