Johnnie Robbins filed an action for fraud against State Farm Mutual Automobile Insurance Company and its agent, Larry Cochran. On March 17, 1987, the jury returned a verdict in favor of Robbins for $5,000,000, and the trial court entered judgment on that date.
On April 6, 1987, State Farm and Cochran filed a motion for J.N.O.V. or, in the alternative, a new trial. A hearing was held on the motion on April 21, 1987. The judge made comments from the bench indicating that he would deny the motion, but he did not then, nor did he later, enter a denial of the motion on the record. See Rule 58(b), Ala.R.Civ.P. On May 6, 1987, while the motion was still pending, State Farm and Cochran filed a notice of appeal.
Similarly, in Herring v. Shirah, 542 So.2d 271 (Ala. 1988), a notice of appeal was filed before the trial court ruled on a pending post-trial motion. This Court held that "a party's notice of appeal works as a withdrawal of that party's pending post-trial motion, whether the notice of appeal is given during the [original] 42-day period [within which appeal must be taken], or at some later time during the pendency of the post-trial motion." Id., at 273. The Court continued: "Nevertheless, we caution anyone adopting this method that the issues raised on appeal must be such as would have been properly preserved without the need for a post-trial motion. Otherwise, this Court will be precluded from addressing them on appeal."
In Bank Independent v. Byars, 538 So.2d 432 (Ala. 1988), the trial court denied the motion for new trial on December 16, 1987, but did not rule on the motion for J.N.O.V. Bank Independent filed its notice of appeal on January 25, 1988, with its motion for J.N.O.V. still pending. The Court quotedHerring and held that "the only issue before us is the propriety of the trial court's denial of Bank Independent's new trial motion."
Applying the holdings in Herring and Bank Independent to the facts of the present case can lead to but one conclusion — that when State Farm and Cochran filed their notice of appeal, they withdrew their pending post-trial motion. The withdrawal of the motion for J.N.O.V. waived any issue as to the sufficiency of the evidence. See Rule 50, Ala.R.Civ.P.; Barnesv. Dale, 530 So.2d 770 (Ala. 1988); Cardinal Pest Control Co.v. Carr, 513 So.2d 999 (Ala. 1987); Treadwell Ford, Inc. v.Campbell, 485 So.2d 312 (Ala. 1986), appeal dismissed, ___ U.S. ___, 108 S.Ct. 2007, 100 L.Ed.2d 596 (1988); Alford v. Dobbs,477 So.2d 348 (Ala. 1985). Thus, the first argument made by State Farm and Cochran, that there was insufficient evidence of fraud to submit the claim to the jury, or at least insufficient evidence to support an award of punitive damages, presents nothing for review.
The second issue is whether excessive damages were awarded. The question of excessive damages is raised by a motion for a new trial or remittitur. Rule 59(f), Ala.R.Civ.P.; B M Homes,Inc. v. Hogan, 347 So.2d 1331 (Ala. 1977), later appeal,376 So.2d 667 (Ala. 1979). Thus, the *Page 479 
withdrawal of the motion for new trial effectively waived the issue of excessive damages.
However, this case presents a unique situation because of proceedings occurring after State Farm and Cochran filed their notice of appeal and before this Court initially decidedHerring. On November 25, 1987, after a preliminary review, this Court remanded this case for the trial court to enter findings in accordance with Hammond v. City of Gadsden, 493 So.2d 1374
(Ala. 1986). The trial court ordered that Robbins "accept a remittitur of $4,500,000.00, and if he fails to do so, the verdict and judgment entered pursuant thereto will be set aside in their entirety, and a new trial ordered." The briefing schedule then resumed and the case was argued and submitted to this Court in November 1988.
The Court's Hammond remand came well before the rulings inHerring and Bank Independent. The state of the law on this point was not clear prior to Herring and Bank Independent.
Certainly, even prior to those cases, a notice of appeal filed while the appealing party's motions were pending "had the effect of removing the cause from the jurisdiction of the circuit court, so that it had no right or power to act on the motion." United Ins. Co. of America v. Pounders, 279 Ala. 410,413, 186 So.2d 125, 128 (1965); and, of course, appellate courts would not (and still will not) review questions not decided by the trial court. See, e.g., Bevill v. Owen,364 So.2d 1201 (Ala. 1979). While these maxims were clear, the question remained as to the status of a case appealed by a party whose post-trial motions were still pending at the time he filed notice of appeal. At that time, one arguable approach to this type of case was to remand it for the trial court to rule on the motions. As we later held in Herring and BankIndependent, this is not the proper method for resolving a case in such a posture. However, because we did remand this case in accordance with Hammond, and because the trial court did
enter an order pursuant to that remand, this case is suigeneris.
Because the question at hand skirts close to the question of jurisdiction, that is, this Court's power to review judgments entered by trial courts, we note that this Court has supervisory jurisdiction over the inferior courts of this state. Const. 1901, amend. 328, § 6.02(b). Because the trial court indicated from the bench that it would overrule the post-trial motion, but did not enter such an order pursuant to Rule 58(b), the premature notice of appeal has the appearance of being a mistake, not a deliberate waiver; because the defendants filed their notice of appeal before their post-trial motion was denied by operation of Rule 59.1, Ala.R.Civ.P., the appeal was in fact filed before the motions were denied; because the appellee's brief, asserting the withdrawal of the post-trial motion, was not filed until after the 90-day period of Rule 59.1 had expired, plus more than 42 days afterwards, appellants had no opportunity to retract their notice of appeal or to otherwise cure the withdrawal; because this Court, in a preliminary order, remanded the case for a Hammond order while the pertinent law on post-trial motions and appeals was undecided, the case has been placed in a posture where the request for remittitur has been ruled on, even though that ruling did not come through the normal procedures; and because the trial court entered an order conditioning the denial of a new trial on the acceptance of a remittitur, we have an indication from the trial court that it deemed the verdict excessive. Under these circumstances, this Court finds it an appropriate exercise of its supervisory jurisdiction to decide the case as though the remittitur had been entered in a timely fashion.
At the same time, however, the withdrawal of the post-trial motions prevents our reaching the preliminary issue of liability; other than sufficiency of the evidence, State Farm and Cochran argue only that the damages were excessive and that the punitive damages award was unconstitutional. The latter issue is not presented for our review because of the withdrawal of the post-trial motion, the substantial remittitur, and the holding in Alabama Power Co. v. Capps, 519 So.2d 1328 (Ala.), *Page 480 
appeal dismissed, ___ U.S. ___, 108 S.Ct. 1723, 100 L.Ed.2d 188
(1988). Under these circumstances, we do not deem it appropriate or necessary to set out the facts in this opinion. Suffice it to say that we have carefully reviewed the record, the arguments of the parties, the trial court's order granting remittitur, and pertinent cases, and we have concluded that the trial court's order denying a new trial on condition that Robbins accept a remittitur of all but $500,000 of the verdict is the most appropriate resolution of the case at this point. Therefore, we affirm the judgment as modified by that order.
AFFIRMED.
HORNSBY, C.J.,* and MADDOX, JONES, SHORES,* ADAMS,*
HOUSTON and STEAGALL,* JJ., concur.
* Although Chief Justice HORNSBY and Justices SHORES, ADAMS, and STEAGALL did not sit at oral argument, they have studied the record and listened to the tapes of oral argument.