RUSSELL, Judge.
This is an appeal from a summary judgment.
The appellants are employees of the Walker County Commission who, in 1985, were laid off from their employment. During this layoff, each received unemployment compensation benefits. Following their respective returns to work, each was notified of his obligation to repay those benefits. A hearing was held before an appeals referee, who concluded that the appellants were so obligated. Separate appeals were then filed to the Board of Appeals, which declined a review of the referee’s decision.
Consequently, each appellant filed an appeal to the Circuit Court of Walker County. A motion to consolidate these appeals was then filed and was granted. Subsequently, the circuit court granted a motion for summary judgment in favor of the Department of Industrial Relations and the Walker County Commission (appellees). Post-judgment motions to alter, amend, or vacate the judgment of the circuit court were filed by the appellants. Prior to a ruling on these motions by the circuit court or a denial of such motions pursuant to Rule 59.1, Alabama Rules of Civil Procedure, the appellants filed a consolidated notice of appeal to this court on June 20, 1989. Subsequent to that appeal, the circuit court conducted a hearing and on July 6, 1989, granted the appellants’ motion to vacate its earlier order of summary judgment in favor of the appellees.
Before resolving the issue of the propriety of the circuit court’s grant of summary judgment, we must first address *527 the consequences of the unique procedural posture of the appeal before us. In view of the supreme court’s holding in Herring v. Shirah, 542 So.2d 271 (Ala.1988), we must conclude that, by filing a notice of appeal to this court while their post-judgment motions remained pending before the circuit court, the appellants effected a transfer in jurisdiction. In Herring, it was concluded that a notice of appeal, filed while the same party’s post-judgment motion is pending, constitutes a withdrawal of that post-judgment motion and that the trial court no longer has jurisdiction over the matter. Applying this principle to the case at hand, we determine that the appellants’ post-judgment motions were withdrawn by operation of their having having filed a notice of appeal to this court. Consequently, the circuit court was without jurisdiction to vacate its earlier order, and such act was, in effect, a nullity.
Having concluded that this court properly has jurisdiction to hear this appeal, we must now decide whether the circuit court correctly granted the appellees’ motion for summary judgment.
Initially, we note that, pursuant to Rule 56, A.R. Civ.P., summary judgment is proper when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). Additionally, the moving party bears the burden of proof. Jones v. Newton, 454 So.2d 1345 (Ala.1984). In reviewing a trial court’s grant of summary judgment, this court must apply the same standard as utilized by the court below. Southern Guaranty Insurance Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989).
Here, subsequent to being awarded unemployment compensation, each appellant filed an action in the United States District Court, Northern District of Alabama, seeking various damages, including back pay. None of the parties dispute that a settlement was entered into in the amount of $162,500. The appellants, however, contend that there was not sufficient evidence before the trial court to demonstrate that this amount included back pay, thus disqualifying the appellants from receiving unemployment compensation and entitling the appellees to a judgment as a matter of law. We agree.
The appellees presented several exhibits in support of their original and amended motions for summary judgment. The majority of these were objected to by the appellants on the grounds that they either constituted inadmissible hearsay or were not properly authenticated pursuant to Rule 44, A.R.Civ.P., as required by Rule 56(e). After carefully reviewing the exhibits objected to, we reach the same conclusion.
Because the exhibits were not properly authenticated, we find that they were not admissible to support a motion for summary judgment and that the trial court’s grant of such motion constituted error. See Crawford v. Hall, 531 So.2d 874 (Ala.1988). Therefore, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
INGRAM, P.J., and ROBERTSON, J., concur.