INGRAM, Presiding Judge.
On December 21, 1989, the trial court found that the employee, Jack E. Harrison, was permanently and totally disabled pursuant to the Workmen’s Compensation Act of Alabama. The trial court also ordered the employer, Griffin Wheel Company, to pay in a lump sum the attorney fees of 15 percent of the present value of the future benefits due the employee.
On January 18, 1990, the employer timely filed an Alabama Rules of Civil Procedure Rule 59 motion to alter, amend, or vacate the judgment. Then, on February 2, 1990, prior to any ruling on its post-judgment motion, the employer filed a notice of appeal to this court, contending that the trial court abused its discretion in ordering lump sum attorney fees.
Before discussing the substantive issue raised by the employer, we must first address a novel procedural question. As noted above, the employer filed a notice of appeal to this court while a timely filed postjudgment motion was still pending before the trial court. This notice of appeal was filed on the 43rd day after the trial court’s final order. Therefore, we must determine whether the employer’s notice of appeal was timely filed.
Our supreme court was faced with a similar fact situation in Herring v. Shirah, 542 So.2d 271 (Ala.1988). There, the supreme court concluded that the party’s notice of appeal worked as a withdrawal of her postjudgment motion. However, the supreme court cautioned anyone adopting the above procedure that the issues raised on appeal must be such as would have been properly preserved without the need for a postjudgment motion. Otherwise, the appellate court will be precluded from addressing such issues on appeal. Therefore, based on Herring, we find that the employer’s notice of appeal here worked as a withdrawal of its postjudgment motion.
Now, we must determine what effect the withdrawal of the Rule 59 motion had on the time in which to file a notice of appeal. In other words, since the filing of the notice of appeal, which withdrew the postjudgment motion, occurred beyond 42 days from the date of the final judgment, should this appeal be dismissed for untimeliness?
It is well settled that a timely filed Rule 59 motion tolls the 42-day period for filing a notice of appeal. Rule 4(a), A.R.App.P.; Herring, supra. Furthermore, the Rules of Civil Procedure set out that it is not until the trial court rules on the motion or until the motion is deemed denied by operation of law that the time to appeal begins to run. Herring, supra. However, the Rules of Civil Procedure do not indicate what happens in a situation such as in the present case, i.e., where the motion is withdrawn beyond the 42-day time period from the final judgment.
In Herring, this was not a problem because the party withdrew her post-judgment motion by filing the notice of appeal within 42 days after the final judgment. Therefore, in that case, timeliness was not an issue. However, in State Farm Mut. Auto. Ins. Co. v. Robbins, 541 So.2d 477 (Ala 1989), the party withdrew his post-judgment motion when he filed the notice of appeal approximately 50 days after the trial court’s final judgment. Although it was not addressed as an issue, the supreme court nevertheless did not dismiss the appeal as untimely.
Consequently, we find that, here, the employer’s timely filing of its postjudgment motion tolled the time for filing its notice of appeal. Therefore, even though the employer withdrew its motion by filing a notice of appeal on the 43rd day, such notice to this court was timely filed.
Since we have determined that the employer’s appeal to this court is timely, we now will address the merits of the appeal.
As noted above, the trial court found that the employee was permanently and totally disabled and awarded a lump sum attorney fee of 15 percent of the present value of the future benefits the employee is to receive. The trial court also ordered the employee to submit himself to a rehabilita *1250 tion program to be agreed upon between the employer and the employee.
On appeal, the employer contends that the trial court abused its discretion in awarding a lump sum attorney fee while simultaneously ordering the employee to undergo a rehabilitation program. The employer, however, has failed to cite to this court any authority which would support that argument. The only two cases cited by the employer affirmed the award of uncommuted lump sum attorney fees. The rule of law in both of those cases has been expressly overruled by the supreme court in Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988).
We also point out that, in the present case, the award of attorney fees was reduced to present value. Therefore, we are unable to reconcile those cases to the present fact situation.
Notwithstanding the fact that the only cases cited by the employer have been overruled and have no apparent application to the instant case, we are satisfied that the employer here has no standing to appeal the award of a lump sum attorney fee. This is so because of the fact that lump sum attorney fees must be reduced to their present value. St. Regis, supra. Under prior law, the lump sum award was not required to be reduced to present value, so the employer was required to pay an amount that had a present value in excess of the present value of the employee’s award. Therefore, in those cases, the employer was being required to bear a portion of the attorney fees. St. Regis, supra. Now, according to St. Regis, such is not the case, and the employee is entirely responsible for the payment of his attorney’s fee pursuant to Ala.Code 1975, § 25-5-90. Therefore, the employer here is without standing to question on appeal the amount of the award of attorney fees. Goodyear Tire & Rubber Co. v. Foreman, 551 So.2d 409 (Ala.Civ.App.1989).
As concerns any other allegations of error by the employer, we would direct its attention to Alabama Rules of Appellate Procedure, Rule 28. Mere insistence of error without authority does not amount to a proper argument reviewable by this court. Therefore, we find no abuse of discretion in the trial court’s award of a commuted lump sum attorney fee award based on a finding of permanent and total disability.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.