ROBERTSON, Presiding Judge.
This is a child custody case.
P.M.L. (father) and T.T.L. (mother) were divorced on June 30, 1989. One child, J.L. (minor child), nearly four years old at the time of trial, was born of the marriage. The divorce decree granted the mother custody of the minor child and granted the father visitation rights.
On October 10, 1991, the mother was killed in an automobile accident. The minor child was in the physical custody of his maternal aunt, D.T.P. (aunt), and her husband, A.J.P. (uncle). On October 23, 1991, the aunt and the uncle filed a petition, alleging that the minor child was dependent and requesting temporary custody. On November 1, 1991, the father filed an answer and counter-petition for custody in which he denied that.the minor child was dependent and requested custody of the minor child. Other pleadings followed.
Following an ore tenus proceeding on April 3, 1992, the trial court entered an *1289 order which found that the minor child was dependent and in need of the care and supervision of the state, and ordered that it was in the best interests of the minor child to be temporarily placed in the custody of the aunt and the uncle. The trial court also awarded the father visitation rights, and ordered that the father pay child support and that he continue to maintain medical insurance for the minor child.
The father filed a motion to reconsider or for new trial on April 17,1992, and on that same day filed his notice of appeal. Although the motion was denied by the trial court on April 28, 1992, that act was, in effect, a nullity, because the filing of the father’s notice of appeal constituted a withdrawal of his postjudgment motion. Herring v. Shirah, 542 So.2d 271 (Ala.1988); Woodley v. State Department of Industrial Relations, 562 So.2d 526 (Ala.Civ.App.1990).
The father argues on appeal that the facts presented to the trial court did not rise to the level of proof required to support the finding by the trial court that the minor child was dependent. However, we find that this case must be reversed and remanded to the trial court for further proceedings on the authority of our supreme court’s decision in Ex parte Terry, 494 So.2d 628 (Ala.1986).
While the trial court found the child to be dependent, awarded custody to a relative, and granted the father visitation rights, the trial court did not find the father to be an unfit parent.
In cases such as these, our supreme court has held:
“ ‘The prima facia right of a natural parent to the custody of his or her child, as against the right of custody in a non-parent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of... misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question.’ ”
Terry at 632 (quoting Ex parte Mathews, 428 So.2d 58 at 59 (Ala.1983)) (emphasis in Terry).
This case is reversed and remanded for the trial court to determine if the father is an unfit and improper person to be entrusted with the care and upbringing of the minor child.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and RUSSELL, JJ., concur.