THIGPEN, Judge.
This is a workmen’s compensation case.
Betty J. Carter sued Southern Aluminum Castings (Southern), in July 1991, alleging injuries arising out of and in the course of her employment with Southern, and seeking benefits for permanent partial disability. Following an ore tenus proceeding, the trial court found that Carter sustained a compen-sable injury to a scheduled member, awarded benefits accordingly, and held Southern liable for related future medical expenses. Carter’s timely post-judgment motion was withdrawn by her notice of appeal. The appeal was timely filed and will be considered. Griffin Wheel Co. v. Harrison, 568 So.2d 1248 (Ala.Civ.App.1990).
On appeal, Carter contends that the trial court erred in awarding benefits based on an injury to a scheduled member, rather than for an injury to the body as a whole.
Review in workmen’s compensation cases is a two-step process. Initially, we must look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, we must then determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Carter testified that she began working for Southern in September 1990. A few weeks later, she complained of pain in her right wrist, and, ultimately, she left her job in late October 1990.
By deposition, Dr. Ben Freeman, an orthopedic surgeon, testified that he first saw Carter on November 26, 1990, and that she was complaining of pain in the right hand and upper extremity. He diagnosed Carter with carpal tunnel syndrome and assigned her a 5% permanent partial impairment to her right arm, but he did not recommend surgery.
Carter contends that the trial court erred in limiting her recovery to a scheduled member, arguing that the trial court apparently believed that it could not deviate from the compensation schedule set forth in Ala. Code 1975, § 25-5-57. An injury to a scheduled member may be compensated as an injury to the body as a whole under certain circumstances. Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968).
“[Ajlthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the Workmen’s Compensation Law to the amount allowed under the schedule for injury to the one member.”
Bell, 282 Ala. at 646, 213 So.2d at 811.
The trial court’s order expressed awareness that it was not strictly bound by the statutory guidelines for scheduled-member injuries when it stated: “10. There is no evidence in this ease that would support removal of this case from the schedule Compensation Act.”
Record evidence supports the trial court’s determination that Carter’s injury should be compensated as a scheduled injury. Dr. Freeman assigned Carter a 5% permanent disability to her right arm. He further testified that her carpal tunnel syndrome was mild and that the nerve damage was reversible. He additionally expressed uncertainty regarding whether Carter’s symptoms were in fact a result of a work-related incident. Bill Vinson, a vocational consultant, testified that Carter had lost access to the job market by approximately 77% to 100%. George E. Turner, another vocational expert, however, testified by deposition that Carter suffered a *638 loss of earning capacity between 0% and 8.5%. The trial court determines the weight to be given to the evidence, and its findings on conflicting testimony are conclusive where there is any evidence to support its conclusions. Blue Circle, Inc. v. Williams, 579 So.2d 630 (Ala.Civ.App.1991).
There is ample legal evidence in the record to support the trial court’s finding that Carter’s carpal tunnel syndrome is limited to a scheduled injury. A reasonable view of that evidence supports the trial court’s judgment. Eastwood Foods, supra. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.