L. CHARLES WRIGHT, Retired Appellate Judge.
On April 10, 1992, Sherry M. Griswold (wife) filed a complaint for divorce against Samuel D. Griswold (husband). The husband answered and counterclaimed for divorce. On May 26, 1993, after oral proceedings, the trial court entered a final judgment of divorce.
On May 28 the husband filed a post-judgment motion pursuant to Rule 59, AR.Civ.P., requesting the court to set aside or vacate certain portions of the divorce judgment. On June 3 the court granted the motion, amending its judgment.
On July 2 the wife filed a motion to vacate the June 3 amendment. The husband filed a response.
On July 12 the wife filed a notice of appeal. On August 5 the court entered an order, granting the wife’s motion to vacate and denying the husband’s previously granted motion to reconsider.
On August 24 the wife’s appeal was dismissed pursuant to her own motion. The *9 husband filed his notice of appeal on September 14.
The dispositive issue on appeal is whether the trial court had authority to rule on the wife’s post-judgment motion of July 2.
A timely filed notice of appeal by a party effectively withdraws a pending post-judgment motion filed by the same party. Herring v. Shirah, 542 So.2d 271 (Ala.1988). The wife’s post-judgment motion of July 2 became of no effect upon the filing of her notice of appeal to this court on July 12. The court had no authority to enter its order of August 5. Therefore, the order of August 5 is a nullity, and the order of June 6, amending the final judgment of divorce, remains in full force and effect.
If the husband’s appeal were considered untimely, the ultimate result of the case would not change.
Based upon the circumstances of this case, we deny any request for attorney fees. The appeal is dismissed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.