THIGPEN, Judge.
This case involves a jury verdict for damages.
Mary Jane Hall sued Shelly R. Sims and Valhalla Memorial Gardens, Inc. (Sims) for damages, alleging, inter alia, unlawful trade practices, fraud, unlawful restraint of trade, breach of contract, mental anguish, and outrageous conduct, which caused mental anguish. At the close of Hall’s case, Sims moved for a directed verdict which the trial court partially granted. The trial court denied a subsequent motion for directed verdict at the close of the trial. The jury was charged regarding breach of contract, mental anguish, and a principal’s liability for the actions of an agent. The jury returned a verdict for Hall for $2,500 and the trial court entered a judgment accordingly. Hence, this appeal.
Sims raises two issues on appeal; (1) whether the trial court erred in denying the motion for directed verdict at the close of Hall’s ease; and (2) whether the trial court erred by excluding evidence of Hall’s financial condition.
Sims contends that Hall’s evidence is insufficient to support the verdict. In order for an appellate court to review a challenge to the sufficiency of the evidence, the party must move both for a directed verdict at the close of the evidence and then for a judgment notwithstanding the verdict. Rule 50, A.R.Civ.P.; Cardinal Pest Control Co. v. Carr, 513 So.2d 999. (Ala.1987). Although Sims made a motion for a directed verdict at the close of the evidence, no motion for a judgment notwithstanding the verdict was made. Therefore, Sims is precluded from arguing this issue on appeal. Cardinal, supra.
Sims next argues that the trial court erred when it excluded evidence of Hall’s financial condition. The financial condition of a party is generally not relevant to the merits of an action unless it is directly involved in the determination of compensatory damages. Miller v. Dacovich, 355 So.2d 1109 (Ala.1978). Sims argues that Hall’s concern regarding burial expenses caused her mental anguish, and, therefore, Hall’s financial condition is relevant to this claim. The record reveals that Hall expressed concerns regarding money management after her husband’s death; however, the record also supports the conclusion that Hall’s mental anguish arose from her frustrations in doing business with Sims regarding her husband’s burial arrangements. Sims failed to show that Hall’s financial condition was relevant, and we find no error in the trial court’s exclusion of that evidence.
Hall’s request for attorney fees, pursuant to Rule 38, A.R.App.P., is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.