I respectfully disagree with the majority. I believe Butler suffered an injury to a scheduled member. His recovery should be limited to 222 weeks for the permanent partial loss of his arm because the injury was confined solely to his right arm.
Butler testified that as a result of the fracture to three fingers on his right hand, he experiences daily pain from his right hand to his right elbow. No substantial evidence indicates a greater or more prolonged incapacity than that which naturally results from an injury to the hand.
In Carter v. Southern Aluminum Castings, 626 So.2d 636
(Ala.Civ.App. 1993) this court held that Carter's carpal tunnel syndrome injury should be compensated as a scheduled injury; "she was complaining of pain in the right hand and upper extremity." 626 So.2d at 637. In E.C. Corp. v. Kent,618 So.2d 1357, 1359 (Ala.Civ.App. 1992) this court noted that, " 'a knee injury which causes a partial use of a leg comes within the provisions of a scheduled injury.' " The evidence does not support removing Butler's case from the schedule of compensation.
CRAWLEY, J., concurs. *Page 476