Ronald D. Veteto sued John C. Yocum in the Escambia County District Court. On May 14, 1999, when neither party appeared for the trial, the district court dismissed the action. Veteto filed several motions after the dismissal. He filed a motion for new trial on May 20, 1999, and, while that postjudgment motion was pending, filed a notice of appeal to the circuit court on June 1, 1999. The circuit court dismissed Veteto's appeal on September 23, 1999, stating that the appeal was either premature because Veteto's postjudgment motions were pending or untimely because it was not filed within 14 days of the district court's judgment. Veteto appeals. We reverse.
Veteto's postjudgment motion was filed within 14 days of the district court's judgment of dismissal, as required by Rule 59(dc), Ala.R.Civ.P. The district court had 14 days to rule on that motion; because the court did not rule on the motion within 14 days, the motion was deemed denied by operation of law on June 3, 1999. See Rule 59.1(dc), Ala.R.Civ.P. Veteto had 14 days after the denial of his postjudgment motion to appeal the judgment. Ala. Code 1975, § 12-12-70(a). Veteto filed his notice of appeal early, on June 1. The circuit court was incorrect in concluding that Veteto's notice of appeal was untimely.
The circuit court also based its judgment on the prematurity of the notice of appeal. We must determine whether the prematurity of Veteto's notice of appeal was an appropriate basis for dismissal. The Rules of Appellate Procedure clearly address how this court must treat notices of appeal filed while postjudgment motions are pending. See Rule 4(a)(5), Ala.R.App.P. (stating that the notice of appeal will be held in abeyance until the postjudgment motions are ruled upon or deemed denied by operation of law).
Before the rules were changed to address the problem, however, the filing of a notice of appeal by the party whose postjudgment motion was pending in the trial court resulted in the withdrawal of that party's postjudgment motion. See Herring v. Shirah 542 So.2d 271, 273 (Ala. 1988). The supreme court explained that it had two options in a case in which a party had filed a postjudgment motion and then, before the postjudgment motion was ruled upon, filed an appeal: "treat the notice of appeal as a withdrawal of the post-judgment motion" or "conclude that the notice of appeal has no force or effect until after the post-judgment motion is ruled upon." Herring 542 So.2d at 272. As the court further explained, if the latter option were adopted, the party would have to file a new notice of appeal after the postjudgment motion was ruled upon or else lose the right to appeal. Id. The *Page 1119 
court decided to avoid the harsh result of the second option and chose instead to hold that the "notice of appeal work[ed] as a withdrawal of [the] post-judgment motion." Id. at 273.
The Alabama Rules of Appellate Procedure do not govern appeals from the district court. See Rule 1, Ala.R.App.P. Therefore, Veteto's notice of appeal was not required to be held in abeyance by the circuit court as it would have been by this court. After considering the reasoning inHerring we conclude that Veteto's notice of appeal served to withdraw his pending postjudgment motion and immediately vested jurisdiction over the appeal in the circuit court. See Herring 542 So.2d at 273. Thus, the circuit court had jurisdiction over Veteto's appeal. Therefore, the judgment of the circuit court dismissing Veteto's appeal is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Robertson, P.J., and Yates and Monroe, JJ., concur.
Thompson, J., concurs in the result.