PER CURIAM.
In 2009, J.S.W. (“the mother”) gave birth to C.M.P. (“the child”). Although the mother was not married when she gave birth to the child, it is undisputed that J.L.P. (“the father”) is the father of the child. In 2013, the State of Alabama, acting on behalf of the mother, filed a petition in the Cullman District Court seeking a judgment ordering the father to pay child support for the child. That child-support action (“the child-support action”) was docketed as case number CS-2013-900025, which made it a juvenile-court child-support action. See, e.g., J.J. v. R.R., 159 So.3d 84, 85 (Ala. Civ. App. 2014) (“This court has recognized that ‘CS’ actions are juvenile-court actions and are to be governed by the Rules of Juvenile Procedure.”). Thus, although the pleadings and orders filed in the child-support action were styled “In the District Court of Cull-man County, Alabama,” the Cullman District Court was actually sitting as the Cull-man Juvenile Court (“the juvenile court”) in that action.
Initially, the father was represented by counsel in the child-support action; however, his counsel had withdrawn before the juvenile court held a hearing regarding a discovery dispute on October 30, 2013. When the parties appeared for that hearing, the mother, who was represented by counsel, and the father, who was acting pro se, engaged in settlement negotiations. Those negotiations resulted in the parties agreeing that the father would consent to the termination of his parental-rights and that the mother would waive the father’s obligation to pay child support. The parties reported their agreement to the juvenile court, and, on November 6, 2013, the juvenile court, without receiving any evidence indicating that grounds for terminating the father’s parental rights existed, entered a judgment (“the TPR judgment”) terminating the father’s parental rights, awarding sole custody of the child to the mother, and providing that the father was not obligated to pay child support.[1] The father did not appeal from the TPR judgment.
In February 2015, the father, acting through counsel, filed a motion under Rule 60(b)(4), Ala. R. Civ. P. (“the February 2015 Rule 60(b)(4) motion”), in the juvenile court. That motion asserted that the TPR judgment was void because, the father said, he had not been represented by counsel at the October 30, 2013, hearing; he had not been informed of his right to appointed counsel in a termination-of-parental-rights proceeding at the October 30, 2013, hearing; and his due-process rights had been violated because, he said, he had not been afforded the procedural rights to which a parent is entitled in a termination-of-parental-rights proceeding. On April 29, *399 2015, the juvenile court denied the February 2015 Rule 60(b)(4) motion.
On May 5, 2015, the father filed a motion titled “Motion to Reconsider” in which he asserted for the first time that the juvenile court had lacked subject-matter jurisdiction to terminate his parental rights. Insofar as it asserted that new ground for relief from the TPR judgment, the May 5, 2015, motion to reconsider was actually a new Rule 60(b)(4) motion (“the May 2015 Rule 60(b)(4) motion”), rather than a successive Rule 60(b)(4) motion, in relation to the February 2015 Rule 60(b)(4) motion. See, e.g., J.B.M. v. J.C.M., 142 So.3d 676, 682 (Ala. Civ. App. 2013) (“The general rule against successive Rule 60(b)[, Ala. R. Civ. P.,] motions does not apply when a subsequent Rule 60(b) motion raises new grounds upon which a judgment could be set aside.”). Therefore, the juvenile court had jurisdiction to consider it. However, before the juvenile court had ruled on that motion, the father, on August 5, 2015, filed a notice of appeal to the Cullman Circuit Court (“the circuit court”), which docketed the father’s appeal as case number DR-15-269.
In Veteto v. Yocum, 794 So.2d 1117 (Ala. Civ. App. 2000), this court considered what, effect the filing of a notice of appeal from a district-court judgment would have if the district court had not ruled on a pending Rule 59, Ala. R‘. Civ. P., motion. Noting that Rule 4(a)(5), Ala. R. App. P., which provides that a notice of appeal from a circuit-court judgment filed “before the disposition of all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59, Alabama Rules of Civil Procedure, shall be held in abeyance until all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59 are ruled upon,” does not apply to appeals from district courts, this, court held that the filing of a notice of appeal from a district-court judgment before the disposition of a Rule 59 motion would effect the withdrawal of the Rule 59 motion and immediately vest the circuit court with jurisdiction over the appeal. 794 So.2d at 1118-19. However, an appeal from the denial, of a Rule 60(b)(4) motion does not vest the court to which the appeal is taken with jurisdiction to review the judgment challenged by the Rule 60(b)(4) motion;. rather, it vests the court to which the, appeal is taken with jurisdiction to review only the propriety of the lower court’s ruling on the Rule 60(b)(4) motion. See, e.g., Hilliard v. SouthTrust Bank of Alabama, N.A., 581 So.2d 826, 828 (Ala. 1991) (“An appeal from an order denying a Rule 60(b)[, Ala. R. Civ. P.,] motion presents for review only the correctness of that order and does not present for review the correctness of the final judgment from which the appellant seeks relief under the Rule 60(b) motion.”). Thus, in circumstances such as those in this case, if a notice of appeal filed while a Rule 60(b)(4) motion remains pending effected a withdrawal of the Rule 60(b)(4) motion, there would be-nothing for the court to which the appeal was taken. to review. Accordingly, we conclude that the holding in Veteto does not apply when a notice of appeal is filed while a Rule 60(b)(4) motion is pending in a juvenile court. Thus,.the father’s .May 2015 Rule 60(b) motion was not withdrawn.
“Rule 59.1, Ala. R. Civ. P., provides that ‘[n]o post-judgment motion filed pursuant to Rules 50, 52, 55, or 59[, Ala. R. Civ. P.,] shall remain pending in the trial court for more than ninety (90) days.’ In district court, ‘Rule 59.1 applies in the district courts except that the time period of ninety (90) days is reduced to fourteen. (14) days.’ Rule 59.1(dc). Rule 1(A), Ala. R. Juv. P., provides that the Rules of Civil Procedure are applicable in juvenile court to the extent they are not inconsistent with the *400 Rules of Juvenile Procedure. Rule 1(B), Ala. R. Juv. P., provides that no post-judgment motion shall remain pending for more than 14 days. ■
“It is well settled that the- 90-day period for pending postjudgment motions applies only to motions filed under Rules 50, 52, 55, and 59, and that it does not apply to Rule 60(b) motions to set aside a judgment. Conway v. Housing Auth. of Birmingham Dist., 676 So.2d 344 (Ala. Civ. App. 1996). A Rule 60(b) motion does not bring up for review the merits of the underlying judgment and is instead a collateral attack on the judgment. It does not affect the finality of a judgment or suspend its operation. While a postjudgment motion filed pursuant to Rule 50,- 52, 55, or 59 cannot remain pending in the juvenile courts for more than 14 days, J.S. v. S.W., 702 So.2d 169 (Ala. Civ. App. 1997), a Rule 60(b) motion for relief from judgment is not deemed denied by operation of law under Rule 1(B), Ala. R. Juv. P.”
Ex parte R.S.C., 853 So.2d 228, 233-34 (Ala. Civ. App. 2002). Therefore, the father’s May 2015 Rule 60(b)(4) motion remains pending in the juvenile court. See R.S.C. 853 So.2d at 233-34, Thus, the father’s August 5, 2015, notice of appeal was premature with respect to the May 2015 Rule 60(b)(4) motion because no final judgment has been entered with respect to that motion.-See Rule 28(A)(1), Ala. R. Juv. P. (authorizing appeals from only “final orders or judgments” of the juvenile court (emphasis added)); see also R.S.C., 853 So.2d at 233-34 (holding that, because a parent’s Rule 60(b) motions were not deemed denied by operation of law under Rule 1(b), Ala. R. Juv. P., the parent’s petition for a writ of mandamus seeking to set aside purported denials of the Rule 60(b) motions by operation of law was premature because the trial court had not yet ruled upon the motions).
On the other hand,-'the August 5, 2015, notice of appeal was filed more than 14 days after the entry of the judgment denying the February 2015 Rule 60(b)(4) motion, and, therefore, was untimely with respect to that judgment. See Rule -28(C), Ala. R. Juv. P. (“Written notice of appeal shall be filed within 14 days of the date of the entry of [the] order or judgment appealed from, whether the appeal is to an appellate court or to the circuit court for trial de novo.”).
Because the August 5, 2015, notice of appeal was untimely as to the February Rule 60(b)(4) motion and premature as to the May 2015 Rule 60(b)(4) motion, that notice of appeal never vested the circuit court with jurisdiction. Nonetheless, the circuit court, oh May 17, 2016, entered the following judgment:
“This matter comes before the Court on appeal and/or motion for relief from Judgment entered in the District Court of Cullman County, CS-2013-900025, in which the Court accepted and confirmed an agreement between the parties to terminate [the father’s] parental rights to a minor child, the subject of the proceedings.
“The Judgment was entered on 11/6/13. Some fifteen months thereafter, on 2/3/15, [the father] filed a Motion To Set Aside. After hearing, the Motion was denied on 4/29/15.
“[The father’s] appeal followed, This Court held a hearing on [the mother’s] •Motion To Dismiss Appeal on 2/18/16 and thereafter allowed additional briefing by .the parties on the issues raised by each.
“After reviewing the :arguments of counsel and briefs submitted, the Court finds that any appeal is time-barred. Furthermore, the Court finds that [the father] is entitled to no relief cognizable *401 pursuant to Rule 60(b), Alabama Rules Of Civil Procedure.
“THEREFORE, ail relief requested in the pleadings submitted on behalf of [the father] is respectfully DENIED.”
The father filed a notice of appeal to this court on June 23, 2016, 37 days after the entry of the circuit court’s judgment. For the reasons discussed below, we are treating the father’s appeal, which was untimely, as a petition for the writ of mandamus, and we have restyled the case accordingly. See, e.g., Kirksey v. Johnson, 166 So.3d 633, 643 (Ala. 2014).
Because the father’s appeal to the circuit court was an appeal from a judgment entered by a juvenile court, he was required to file his notice of appeal from the circuit court’s judgment within 14 days after that judgment was entered. See, e.g., H.E.H. v. K.L.C., 976 So.2d 458, 459 (Ala. Civ. App. 2007) (holding that notice of appeal filed 29 days after entry of a circuit court’s judgment in an appeal from juvenile court was untimely “because it was required to be filed within 14 days of the entry of the judgment even though the case was proceeding as an appeal for a trial de novo in the circuit court”). Thus, the father’s notice of appeal from the circuit court’s judgment was untimely. However, in Ex parte J.B., 223 So.3d 251, 254 (Ala. Civ. App. 2016), this court interpreted our supreme court’s decision in Ex parte K.R., 210 So.3d 1106 (Ala. 2016), as having held that in situations in which a petition for a writ of mandamus challenges the subject-matter jurisdiction of the court that rendered the challenged ruling, the mandamus petition need not timely invoke the jurisdiction of the appellate court. Accordingly, we have exercised our discretion to treat the father’s appeal as a petition for a writ of mandamus challenging the subject-matter jurisdiction of the circuit court.
As explained above, the circuit court never acquired jurisdiction over the "father’s appeal, and, therefore, its judgment is void..Moreover, the materials before this court indicate that the juvenile court never ruled on the father’s May 2015 Rule 60(b)(4) motion, and, therefore, that Rule 60(b)(4) motion is still pending before the juvenile court. Accordingly, we issue a writ of mandamus directing the circuit court to vacate its May 17, 2016, judgment.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Moore, J., concur.
Pittman, J., concurs, specially,.with writing, which Donaldson, J., joins.
Thomas, J., recuses herself.

. Although it is outside the scope of our review in this case, we point out for the benefit of the bench and bar that ’’[t]he convenience or the desires of the parents may not serve as the sole basis for terminating a noncustodial parent's parental rights.” S.D.P. v. U.R.S., 18 So.3d 936, 940 (Ala. Civ. App. 2009). Moreover, because our jurisdiction in this case is limited to determining whether the Cullman Circuit Court acquired jurisdiction over the father’s appeal from a subsequent judgment of the juvenile court, we do not consider the issues (1) whether the filing of tire child-support petition, which did not seek termination of the father’s parental rights, was sufficient to invoke the juvenile court's jurisdiction to terminate the father’s parental rights; (2) whether the mother could lawfully waive the child's right to child support from the father; or (3) whether the failure of the juvenile court to inform the father of his right to appointed counsel in a termination-of-parental-rights proceeding before terminating his parental rights rendered the TPR judgment void. Thus, nothing in this opinion should be interpreted as expressing an opinion regarding those issues.